IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| WADE TUCKER, on behalf of himself and for the benefit of and on behalf of the Defendant, HealthSouth Corporation, and all other holders of stock of said company who may be similarly situated,<br><br>         Plaintiff,<br><br>vs.<br><br>RICHARD M. SCRUSHY; GERALD P. SCRUSHY; MEDCENTERDIRECT.COM; SOURCE MEDICAL SOLUTIONS, INC., CAPSTONE CAPITAL CORPORATION; G.G. ENTERPRISES; HEALTHSOUTH CORPORATION; and FICTITIOUS DEFENDANTS A through Z; Fictitious Defendants A through J are those individuals who serve or served on the board of directors and/or executive management of HealthSouth and who joined in and/or conspired and/or committed the wrongdoing identified in this Complaint. Fictitious Defendants K through P are those individuals who joined in and/or conspired and/or committed the wrongdoing identified in this Complaint but were not members of executive management of the corporation or board of directors of the corporation. Fictitious Defendants Q through Z are those business entities that joined in and/or conspired and/or committed the wrongdoing identified in this Complaint,<br><br>         Defendants. | CV02 5212<br><br>FILED IN OFFICE<br>AUG 28 2002<br>ANNE-MARIE ADAMS<br>Clerk |

**COMPLAINT**

1

Plaintiff, Wade Tucker, on behalf of himself and for the benefit of and on behalf of the Defendant, HealthSouth Corporation, and all other holders of stock of said company who may be similarly situated, brings this civil action, pursuant to Rule 23.1, Ala. R. Civ. P., and alleges as follows:

PARTIES

1. Plaintiff, Wade Tucker, is an individual who has his residence in Jefferson County, Alabama.

2. Defendant, HealthSouth Corporation, is a corporation that has its residence in Jefferson County, Alabama. Although HealthSouth Corporation is nominally listed as a party defendant, the claims brought in this suit have been brought on behalf of and for the benefit of HealthSouth Corporation and its shareholders.

3. Defendant, Richard M. Scrushy, is an individual who has his residence in Jefferson County, Alabama. Richard Scrushy was for all times relevant to the claims asserted herein the Chief Executive Officer and Chairman of the Board of Directors of HealthSouth.

4. Defendant, Gerald P. Scrushy, is an individual who, upon information and belief, has his residence in Jefferson County, Alabama. Gerald Scrushy was for all times relevant to the claims asserted herein an officer of HealthSouth.

5. Defendant MedCenterDirect.com, Inc. is a corporation that does business in the State of Alabama and is subject to the jurisdiction of this Court.

6. Defendant Source Medical Solutions, Inc., is a corporation that does business in the State of Alabama and is subject to the jurisdiction of this Court.

2

7. Defendant Capstone Capital Corporation is a corporation that does business in the State of Alabama and is subject to the jurisdiction of this Court.

8. Defendant, G.G. Enterprises, is a corporation that does business in the State of Alabama and is subject to the jurisdiction of this Court.

9. Fictitious Defendants A through J are those individuals who serve or served on the board of directors and/or executive management of HealthSouth and who joined in and/or conspired and/or committed the wrongdoing identified in this Complaint. Fictitious Defendants K through P are those individuals who joined in and/or conspired and/or committed the wrongdoing identified in this Complaint but were not members of executive management of the corporation or board of directors of the corporation. Fictitious Defendants Q through Z are those business entities that joined in and/or conspired and/or committed the wrongdoing identified in this Complaint.

FACTUAL ALLEGATIONS

10. Richard M. Scrushy is Chief Executive Officer and Chairman of the Board of Directors of HealthSouth.

11. Gerald P. Scrushy is Senior Vice President, Physical Resources of the corporation.

12. Richard M. Scrushy and Gerald P. Scrushy, individually, or in combination with each other, other fictitious defendants, and/or other officers and/or directors of HealthSouth, possess the power to influence or direct the actions and policies of the corporation.

13. During each year from 1992 through the present, Richard M. Scrushy received tens of millions of dollars in compensation from HealthSouth, including, but not limited to,

3

salary, stock options, benefits, bonuses and other income from the corporation in the form of loans, benefits, and/or use of equipment and facilities of HealthSouth.

14. The amounts paid by HealthSouth to Richard M. Scrushy were grossly excessive, particularly when one considers the value of stock and dividends and the pecuniary benefit that has been provided to stockholders, which is minimal.

15. During each year from 1992 through the present, Gerald P. Scrushy, and other fictitious defendants received compensation from HealthSouth, including, but not limited to, salary, stock options, benefits, bonuses, and other income from the corporation in the form of loans, benefits, and/or use of equipment and facilities of HealthSouth.

16. The amounts paid by HealthSouth to Gerald P. Scrushy and fictitious defendants were excessive.

17. On December 17, 1997, a qui tam Complaint was filed under seal by Greg Madrid, on behalf of the United States, against the corporation, Richard M. Scrushy, Gerald P. Scrushy, and Capstone Capital Corporation, alleging certain violations of the False Claims Act, 31 U.S.C. §§ 3820 – 3733. On May 18, 2001, HealthSouth entered into a Joint Stipulation of Dismissal with the United States and Greg Madrid pursuant to which the corporation agreed to pay $7,900,000, and to abide by a Corporate Integrity Agreement; and the United States agreed to dismiss all claims in the qui tam complaint, including those against the individuals, Richard M. Scrushy and Gerald P. Scrushy.

18. Defendants Richard M. Scrushy and Gerald P. Scrushy engaged in certain illegal activities which were the basis of the allegations in the 1997 qui tam complaint and which were

4

the basis of the May 18, 2001, settlement agreement, pursuant to which the corporation paid $7,900,000, plus interest, to the United States.

19. G. G. Enterprises is owned and/or controlled by Richard M. Scrushy and Gerald P. Scrushy.

20. Beginning in 1992, HealthSouth purchased equipment and services from G. G. Enterprises in amounts that were greater than the prices which the corporation would have paid to an independent and unrelated vendor.

21. Richard M. Scrushy and/or Gerald P. Scrushy received monies and other benefits, directly or indirectly, from G. G. Enterprises. In addition, Richard M. Scrushy and/or Gerald P. Scrushy caused HealthSouth to file cost reports with the Medicare healthcare cost reimbursement division. These transactions and activities were part of a scheme to divert monies from the corporation to Richard M. Scrushy, Gerald P. Scrushy, and/or others related to the corporation.

22. In November 1997, HealthSouth loaned $10,000,000 to 21st Century Health Venture, L.L.C., an entity formed by defendant Richard M. Scrushy, Michael D. Martin, then HealthSouth Corporation Executive Vice President and Chief Financial Officer, and others.

23. 21st Century was formed to sponsor a private equity fund investing in certain healthcare facilities.

24. Investments targeted by 21st Century were both speculative and high risk.

25. From 1997 through 2000, 21st Century drew monies from the $10,000,000 commitment to purchase shares of preferred stock in Summerville Healthcare Group, Inc., and Pathology Partners, Inc.

5

26. 21st Century was dissolved after 1999. In the dissolution of 21st Century, certain shares of preferred stock in Pathology Partners were transferred to HealthSouth.

27. Upon information and belief, the value of the stock received by HealthSouth was less than the outstanding obligation owed by 21st Century to the corporation.

28. Defendant Richard M. Scrushy directed the loan of $10,000,000 from the corporation to 21st Century as part of a scheme to divert monies to himself and others related to the corporation.

29. Defendant Richard M. Scrushy and other fictitious defendants received monies and other benefits from 21st Century.

30. Richard M. Scrushy and others, including officers and directors of HealthSouth who have been named as fictitious defendants in this Complaint, formed or allowed the formation of Capstone Capital Corporation, a real estate investment trust.

31. Richard M. Scrushy owns a substantial interest in Capstone or otherwise derives a benefit, directly or indirectly, from Capstone.

32. At the direction of the board of directors, the executive officers, fictitious defendants, and/or Richard M. Scrushy, HealthSouth sold certain depreciable buildings to Capstone and then entered into long term lease agreements at inflated rental amounts. This transaction was set up to provide monies to Richard M. Scrushy and/or other defendants. The transaction led to the filing of the aforementioned *qui tam* Complaint and to payment by HealthSouth of $7.9 million. Such transaction constitutes a breach of fiduciary duties.

33. These transactions and others that are, upon information and belief, currently under investigation, were entered into as part of a scheme to improperly divert monies of the

6

corporation to the defendants, including Richard M. Scrushy, and others related to the corporation, including other fictitious defendants.

34. At various times HealthSouth, at the direction of the board of directors, the executive officers, other fictitious defendants, and/or expressly Richard M. Scrushy, made loans to directors and executive officers of the corporation, including Richard M. Scrushy and other fictitious defendants, that totaled tens of millions of dollars. Such loans were often made at interest rates that were below rates that were available from banks and lending institutions. Such loans – which represent corporate excess of the worst kind – constitute a breach of fiduciary duty owed to the corporation by Richard M. Scrushy and other fictitious defendants who are members of the board of directors and/or executive management.

35. In December 1999, the corporation, at the direction of the board of directors, the executive officers, fictitious defendants, and/or Richard M. Scrushy, invested over $2,000,000 in a company called MedCenterDirect.com, Inc., a developmental-stage healthcare e-procurement company, as to which Richard M. Scrushy and other directors and officers of the corporation, including fictitious defendants, had a substantial interest.

36. Moreover, the corporation, at the direction of the board of directors, the executive officers, fictitious defendants, and/or Richard M. Scrushy, entered into a 10-year agreement under which MedCenterDirect.com would be the exclusive e-procurement vendor of medical products and supplies.

37. This agreement was entered into as part of a scheme to divert monies from the corporation to Richard M. Scrushy and others related to the corporation, including fictitious

defendants. Moreover, the agreement was less favorable to the corporation than the corporation could have obtained through a neutral and unrelated vendor.

38. During 2001, alone, HealthSouth paid over $100 million to MedCenterDirect.com for services and/or goods that were provided to the corporation. Upon information and belief, Richard M. Scrushy and other fictitious defendants, including members of the board of directors and executive officers of the corporation, have benefitted substantially from their ownership interest in MedCenterDirect.com. The monies paid by HealthSouth during 2001 constitute wrongdoing that has caused injury to the corporation and to its shareholders.

39. The opportunity presented by investment in and by the operations of MedCenterDirect.com constitute a corporate opportunity that should have been pursued by and for the benefit of HealthSouth and its shareholders. The actions of Richard M. Scrushy and fictitious defendants, including members of the board of directors and executive officers of the corporation, in profiting, individually, from the exclusive ten-year contract and tens of millions of dollars paid to MedCenterDirect.com constitutes a breach of fiduciary duty.

40. In April 2001, at the direction of the board of directors and executive officers of HealthSouth, including fictitious defendants, and expressly at the direction and control of Richard M. Scrushy, HealthSouth established a company called Source Medical Solutions, Inc., and offered, in a private sweetheart deal, to sell stock in that new corporation to executive officers of the corporation, including fictitious defendants. The stock was sold to these fictitious defendants, including executive officers of the corporation, for only ten (10) cents per share.

41. As of July 1, 2001, at the direction of the board of directors, Richard M. Scrushy, and fictitious defendants, including the same executive officers that invested in this sweetheart

8

deal, HealthSouth sold intellectual property assets that it owned to Source Medical Solutions, Inc., and simultaneously entered into an agreement to license the property assets back in exchange for monetary payments. In addition, HealthSouth advanced $82 million to Source Medical Solutions, Inc., relating to start up costs and guaranteed millions of dollars of its indebtedness to an outside lender.

42. Selling property that was owned by HealthSouth to Source Medical, at the direction of executive officers, including fictitious defendants, to a separate corporation owned in part by executive officers, including fictitious defendants, constitutes self-dealing and a theft of a corporate opportunity that should have been retained by HealthSouth for the benefit of its shareholders.

43. Entering into license agreements and providing tens of millions of dollars in start up costs and loans, at the direction of executive officers, including fictitious defendants, in connection with Source Medical, a separate corporation owned in part by executive officers, including fictitious defendants, constitutes self-dealing and a breach of fiduciary duty. The monies and assets of HealthSouth should have been used for the benefit of HealthSouth and its shareholders and not to set up a separate corporation owned, in part, by executive officers, including fictitious defendants.

44. On or about July 31, 2002, Richard M. Scrushy sold back to the corporation 2,506,770 shares of HealthSouth stock for a price of $10.06 per share, or $25,218,106. This sell-back was made at the direction of Richard M. Scrushy, the board of directors, and executive management, including fictitious defendants.

45. The price of $10.06 was excessive, when taking into account what Richard M. Scrushy knew about the financial affairs of the corporation, including the directive from the Centers for Medicare and Medicaid Services that altered past billing practices for group therapy and caused HealthSouth to estimate a loss of $175,000,000 in annual revenues. Such sale of stock has caused harm to HealthSouth and to its shareholders.

## FUTILITY OF DEMAND ON THE BOARD OF DIRECTORS

46. A demand upon the board of directors to take action against these defendants for the claims stated herein would have been futile. In practical fact, Richard M. Scrushy has run HealthSouth Corporation the way he wanted and he made all the important decisions. Members of the board of directors have profited personally from transactions that form the basis of the claims asserted herein, including the MedCenterDirect.com transaction. A majority of the directors are aligned with and beholden to Richard M. Scrushy (one or more have received the loans alleged above and some are closely-tied business partners of Richard M. Scrushy's). Although not named in this original complaint as individual defendants (except to the extent that they may be fictitious defendants), some of the board members are themselves some of the alleged wrongdoers (as examples: one or more approved and received the loans alleged above; a majority approved the purchase of Richard M. Scrushy's stock on July 31, 2002; one or more may have known about the improper and illegal billing practices that led to the false claims act lawsuit alleged above; one or more knew or should have known that the purchases from G. G. Enterprises were improper and at excessively-high prices; one or more knew or should have known that the financial and real estate deals with 21st Century and Capstone were improper and

to the financial detriment of HealthSouth; etc.). The board members have had ample time and opportunity to take action or voice concerns about the above-alleged wrongs, yet they have done nothing. In sum, a majority of directors are themselves involved in the alleged wrongdoing. A majority of the directors are antagonistic to the goals and allegations of this complaint, and a majority is adversely interested to the plaintiff and/or involved in the very transactions alleged to be wrongful.

## COUNT 1

### Breach of Fiduciary Duty

47. Plaintiffs reallege and incorporate by reference paragraphs 1 through 46 as though fully set forth herein.

48. Defendant Richard M. Scrushy breached the fiduciary duty and standard of conduct which he owed to the corporation.

49. Defendant Gerald P. Scrushy breached the fiduciary duty and standard of conduct which he owed to the corporation.

50. Certain fictitious defendants, who were or are members of the board of directors or executive management of HealthSouth, breached the fiduciary duties and standards of conduct which they owed to HealthSouth and its shareholders.

51. Plaintiffs seek an accounting and disgorgement of the monies obtained by defendants as a result of their breaches of fiduciary duty, and such other relief, including money damages and any other equitable relief as the court may deem appropriate, plus attorneys fees, interest, and costs.

## COUNT II

### Waste of Corporate Assets

52. Plaintiffs reallege and incorporate by reference the preceding paragraphs 1 through 51 as though fully set forth herein.

53. The transactions described above were less beneficial to the corporation than such transactions would have been had the transactions been conducted with unrelated and independent persons and amount to a waste of corporate assets.

54. Payment of excessive salaries and benefits to defendants amounts to a waste of corporate assets.

55. Loans made to certain executive officers are a waste of corporate assets.

56. Sale and lease back of depreciable buildings at above market rates amounts to waste of corporate assets.

57. The purchase of Richard M. Scrushy's stock in July 2002 at an excessive price was a waste of corporate assets.

58. Wherefore, Plaintiff seeks money damages from the Defendants, including fictitious defendants, in an amount to be determined by the trier of fact to compensate the corporation for its assets that were wasted, plus attorneys fees, costs, and all such other relief at law and equity to which plaintiff and the corporation may be entitled.

## COUNT III

### Misappropriation of corporate assets

59. Plaintiffs reallege and incorporate by reference the preceding paragraphs 1 through 58 as though fully set forth herein.

60. As outlined above, Defendants misappropriated assets of the corporation for the personal benefit of the Defendants.

61. Wherefore, Plaintiff seeks money damages from the Defendants, including fictitious defendants, in an amount to be determined by the trier of fact to compensate the corporation for its assets and opportunities that were misappropriated, plus attorneys fees, costs, and all such other relief at law and equity to which plaintiff and the corporation may be entitled.

### COUNT IV

### Unjust enrichment

62. Plaintiffs reallege and incorporate by reference the preceding paragraphs 1 through 61 as though fully set forth herein.

63. As a result of the transactions set out herein, defendants have been unjustly enriched at the expense of and to the detriment and harm of the corporation.

64. Wherefore, Plaintiff seeks money damages from the Defendants, including fictitious defendants, in an amount to be determined by the trier of fact to compensate the corporation for its damages, plus attorneys fees, costs, and all such other relief at law and equity to which plaintiff and the corporation may be entitled.

### COUNT V

### Breach of Contract

65. Plaintiffs reallege and incorporate by reference the preceding paragraphs 1 through 64 as though fully set forth herein.

66. By reason of the transactions set out herein, the defendants Richard M. Scrushy, Gerald P. Scrushy, and those fictitious defendants who are or were officers and directors of HealthSouth have breached their contracts of employment with the corporation.

67. Wherefore, Plaintiff seeks money damages from the Defendants, including fictitious defendants, in an amount to be determined by the trier of fact to compensate the corporation for its damages, plus attorneys fees, costs, and all such other relief at law and equity to which plaintiff and the corporation may be entitled.

## COUNT VI

### Civil Conspiracy

68. Plaintiffs reallege and incorporate by reference the preceding paragraphs 1 through 67 as though fully set forth herein.

69. Defendants, including fictitious defendants who held positions in the executive management and on the board of directors of HealthSouth, Richard M. Scrushy, Gerald P. Scrushy, Capstone Capital, MedCenterDirect.com, GG Enterprises, and Source Medical Solutions, Inc., conspired together to commit the wrongdoing alleged in this complaint and, further, to deprive HealthSouth and its shareholders of monies and corporate opportunities.

70. The conspiracies and the wrongdoing of these defendants have caused harm to HealthSouth and to the shareholders of HealthSouth.

71. Wherefore, Plaintiff seeks money damages from the Defendants, including fictitious defendants, in an amount to be determined by the trier of fact to compensate the corporation for its damages, plus attorneys fees, costs, and all such other relief at law and equity to which plaintiff and the corporation may be entitled.

## COUNT VII

### Willful Violation Of The Law

72. Plaintiffs reallege and incorporate by reference the preceding paragraphs 1 through 71 as though fully set forth herein.

73. Defendants, including fictitious defendants who held positions in the executive management and on the board of directors of HealthSouth, Richard Scrushy, Gerald Scrushy, Capstone Capital, and GG Enterprises, are liable to HealthSouth based upon the common law of the State of Alabama for willfully violating applicable laws, such violations that foreseeably and proximately caused harm to HealthSouth, e.g., in the form of the $7.9 million settlement that was paid by HealthSouth to the U.S. government.

74. Wherefore, Plaintiff seeks money damages from the Defendants, including fictitious defendants, in an amount to be determined by the trier of fact to compensate the corporation for its damages, plus attorneys fees, costs, and all such other relief at law and equity to which plaintiff and the corporation may be entitled.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, as the proximate cause of the foregoing wrongful acts, waste of corporate assets, misappropriation of corporate assets and opportunities, unjust enrichment, self-dealing transactions, conspiracies, breaches of fiduciary duties, breaches of contract, and willful violations of law, Plaintiff seeks an award of the following relief, for himself, for HealthSouth, and for other shareholders who are similarly situated:

I. Disgorgement of amounts received by Defendants as the result of breaches of fiduciary duty, waste of corporate assets, conflicted and prohibited transactions, misappropriation of corporate opportunities and assets, unjust enrichment, and all other wrongdoing that would serve as the basis for this relief;

II. Disgorgement of all compensation including but not limited to salary, stock options, benefits, bonuses, value of loans, and profits received by Defendants as the result of the wrongful acts and breaches of fiduciary duty, breaches of contract, and breaches of duty of good faith;

III. Rescission of the wrongful, exclusive, ten-year contract between HealthSouth and MedCenterDirect.com and disgorgement and return of monies wrongfully paid pursuant thereto;

IV. Disgorgement and return of the intellectual property and other property interests that were wrongfully transferred to Defendants, including without limitation Source Medical Solutions, Inc. and Capstone Capital, and disgorgement and return of monies paid pursuant to any lease, license, contract, or agreement relating thereto;

V. Repayment of monies advanced and loaned as "start up costs," other loans made, and monies owed with respect to Defendants, and other business ventures that were owned and/or controlled by Defendants;

VI. A Court order directing the Board of Directors of HealthSouth to remove Richard M. Scrushy, Gerald P. Scrushy, and other Defendants, including fictitious defendants who are on the board of directors or executive management, from positions of influence in the corporation.

VII.     Compensatory and punitive damages in excess of the jurisdictional limits of this Court in such sum as the trier of fact shall award based upon the wrongdoing alleged in this Complaint;

VIII.    Appropriate equitable and injunctive relief to which plaintiff, the corporation, and shareholders may be entitled;

IX.      Attorneys fees and costs of court.

**PLAINTIFF RESPECTFULLY REQUESTS TRIAL BY STRUCK JURY.**

_____
One of the attorneys for Plaintiff, Wade Tucker

OF COUNSEL:

John W. Haley, Esq.
Ralph D. Cook, Esq.
Bruce J. McKee, Esq.
HARE, WYNN, NEWELL & NEWTON, LLP
2025 Third Avenue North, Suite 800
Birmingham, Alabama 35203
(205) 328-5330

_____
One of the attorneys for Plaintiff, Wade Tucker

OF COUNSEL:

John Q. Somerville, Esq.
Stacy C. Deas, Esq.
GALLOWAY & SOMERVILLE, LLC
11 Oak Street
Birmingham, Alabama 35213
(205) 871-2183

PLAINTIFF REQUESTS SERVICE BY CERTIFIED MAIL
   (Plaintiff's counsel will supply the clerk with addresses and materials for such service)

17