IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR-03-B-0338-S |
| ) | |
| JASON BROWN ) | |
| Defendant ) | |

## PLEA AGREEMENT AND CONDITIONS

The United States of America ("United States"), JASON BROWN ("Defendant") and Defendant's attorney each hereby acknowledge the following to be the plea agreement between the Defendant and the United States and the conditions and understandings that apply to the agreement:

I. PLEA AGREEMENT: The United States and the Defendant hereby AGREE to the following:

(a) Plea: Defendant will waive indictment and plead guilty in the Northern District of Alabama to an information charging him with one count of Conspiracy (18 U.S.C. § 371) and one count of criminal forfeiture (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)).

(b) Recommendation: Pursuant to Rule 11(e)(1)(B) of the *Federal Rules of Criminal Procedure*, and upon the Court's acceptance of the aforesaid plea and entry of judgment on the same, the United States will recommend that the Defendant be given a three-level reduction for acceptance of responsibility.

(c) Motion for Downward Departure: If the United States determines that the Defendant has cooperated fully, provided substantial assistance in the investigation or prosecution of another person who has committed an offense, and otherwise complied with the terms of this agreement, the United States will file a motion pursuant to *United States Sentencing Guidelines* § 5K1.1 and 18 U.S.C. § 3553(e) with the sentencing Court setting forth the nature and extent of his

cooperation. Such a motion will permit the Court, in its discretion, to impose a sentence below the applicable Sentencing Guidelines range and also below any applicable mandatory minimum sentence. In this connection, it is understood that a good faith determination by the United States as to whether Defendant has cooperated fully and provided substantial assistance and has otherwise complied with the terms of this agreement, and the United States' good faith assessment of the value, truthfulness, completeness and accuracy of the cooperation, shall be binding upon him. Defendant agrees that, in making this determination, the United States may consider facts known to it at this time. The United States may or may not, in its discretion, recommend to the Court a specific sentence to be imposed. The United States cannot and does not make a promise or representation as to what sentence will be imposed by the Court. The determination of whether to file a motion for downward departure is in the sole discretion of the United States Attorney for the Northern District of Alabama or her designated Assistant United States Attorney.

II. <u>CONDITIONS AND UNDERSTANDINGS</u>: The following conditions and understandings apply to the above stated plea agreement:

### AGREEMENT TO MAKE RESTITUTION

The Court can order the Defendant to pay restitution for the full loss caused by Defendant's criminal conduct. The Defendant agrees the Court's consideration of the amount of restitution shall **NOT** be limited to the amounts alleged in the counts to which the Defendant is pleading guilty, and may include all amounts attributable to the Defendant's conduct, whether charged or uncharged, pursuant to 18 U.S.C. §3663, provided, however, that the value of any property forfeited shall be credited against any order of restitution. The Defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

The Defendant acknowledges that, because the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the Defendant's ability to pay.

## ASSET FORFEITURE

As stated in Paragraph I(a), above, the Defendant hereby agrees to surrender to the United States of America any and all property constituting, or derived from proceeds traceable to violations of Title 18, United States Code, Section 371 on or before the date of sentencing in this action, and further consents to the entry of an order of criminal forfeiture herein of said property at that time under Title18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as property constituting or derived from proceeds traceable to violations of Title 18, United States Code, Section 371, without further notice to him. Defendant further agrees to waive any and all claims, defenses or challenges, and to not contest or challenge in any manner (including direct appeal or any other means) any related administrative or civil judicial forfeiture on any grounds, including that the forfeiture constitutes double jeopardy, or an excessive fine or punishment. The defendant will cooperate fully with investigations of his financial assets, including cooperation in the tracing all of the Defendant's assets.

## POSSIBLE SENTENCES AND THE GUIDELINES

(a) <u>Maximum Possible Sentences</u>:

The Defendant acknowledges that the maximum statutory sentence for Conspiracy in violation of Title 18, United States Code, Section 371 is not more than 5 years imprisonment and/or a fine not to exceed $250,000, or twice the pecuniary gain/loss caused by the Defendant's act. Additionally, the Defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that the Defendant be placed on supervised release after imprisonment for a term not to exceed three (3) years.

3

If the term of supervised release for the count of conviction is revoked, the Defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in Title 18, United States Code, Section 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, if the crime of conviction occurred after September 13, 1994, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release. (18 U.S.C. §3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to Title 18, United States Code, Section 3583(e)(3). Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

(b) <u>Special Assessment Fees</u>: The Defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the Clerk, United States District Court, **at the time of sentencing.**

(c) <u>Sentencing Guidelines</u>: The Defendant is aware that the sentence to be imposed shall be in conformity with the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §3551 through §3742, and 28 U.S.C. §991 through §998, and that a sentence imposed under the Guidelines is without parole. The Defendant is further aware that

the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The Defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court (Sentencing Guidelines §6B1.4(d)). The Court will impose a sentence within the appropriate guideline range, unless the Court finds there is a basis for departure because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. The Court may also depart from the guidelines if there is a motion from the United States stating that the Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a criminal offense.

If the sentencing court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, but will remain bound to fulfill all of the obligations under the agreement.

Nothing in the plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the Defendant's sentence and the Defendant's criminal history category, that are available to the United States at the time of sentencing. The United States reserves its full right of allocution pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure.

The Defendant further understands that the sentence to be imposed upon the Defendant will be determined solely by the sentencing judge. The United States cannot and does not make any promise or representation as to what sentence the Defendant will receive.

(d) <u>Non-binding</u>: It is the Court's duty to impose sentence. The Court is not a party to the above plea agreement. Any sentence recommendation by the United States does not bind the Court, and the Court may impose a more severe or less severe sentence than that recommended.

## WITHDRAWAL OF GUILTY PLEA NOT ALLOWED

If the Court decides not to give the recommended sentence, or decides that the recommended sentence is not within the guidelines range, the Defendant may not withdraw the plea of guilty.

## FAMILIARITY WITH CHARGES

The Defendant is aware of the charges, and has discussed the charges and possible defenses with counsel. The Defendant is fully aware of the elements of each count.

## ACKNOWLEDGMENT OF GUILT

The Defendant is pleading guilty to the charges described above because the Defendant is in fact guilty and for no other reason.

## COOPERATION - IN GENERAL

The Defendant will cooperate fully with the United States and with any federal, state or local law enforcement or regulatory agency designated by the United States Attorney, including, but not limited to, the Securities and Exchange Commission. This cooperation will include, but is not limited to, the following:

    (a)    Defendant agrees to be fully debriefed and to attend all meetings at which his presence is requested by the United States, concerning his participation in and knowledge of all criminal activities.

    (b)    Defendant waives all claims of attorney-client privilege and agrees to furnish to the United States all documents and other material that may be relevant to the investigation and that are in Defendant's possession or control, except privileged communications relating to the investigation by the United States, and waives his right to move to suppress evidence or

        raise any other Fourth or Fifth Amendment claims, and waives his right to any further discovery from the government.

(c)      Defendant agrees not to reveal his cooperation, or any information derived therefrom to any third party without prior consent of the United States, and to instruct his attorneys to do the same.

(d)      Defendant agrees to testify at any proceeding in the Northern District of Alabama or elsewhere as requested by the United States.

(e)      Defendant consents to adjournments of his sentence as requested by the United States and agrees that his obligations under this agreement continue until the United States determines that his cooperation is concluded.

## WAIVER OF CERTAIN CONSTITUTIONAL RIGHTS

The Defendant understands that by pleading guilty, the following constitutional rights will be relinquished: the right to be indicted by a grand jury, if proceeding by information; the right to plead not guilty; the right to be tried by a jury or, if the Defendant wishes and with the consent of the United States, to be tried by a judge. At that trial, the Defendant would have the right to an attorney and, if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant. The Defendant would have the right to assist in the selection of the jury. During the trial, the Defendant would be presumed innocent and a jury would be instructed that the burden of proof is on the United States to prove the Defendant guilty beyond a reasonable doubt and by a unanimous verdict. The Defendant would have the right to confront and cross-examine witnesses against the Defendant. If desired, the Defendant could testify on his own behalf and present witnesses in his own defense. On the other hand, if the Defendant did not wish to testify, that fact could not be used against him and the jury would be so instructed. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges.

By pleading guilty, the Defendant will be giving up all of these rights. By pleading guilty, the Defendant may be required to answer questions posed to him by the Court both about the rights that the Defendant will be giving up and the factual basis for the Defendant's plea. Any statements made by the Defendant during such a hearing are not, in any civil or criminal proceeding, admissible against Defendant except as provided Rule 11(e)(6) of the *Federal Rules of Criminal Procedure*.

### RULE 11(e)(6) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The Defendant knowingly and expressly waives all of the rights afforded Defendant pursuant to the provisions of Rule 11(e)(6) of the *Federal Rules of Criminal Procedure* and Section 1B1.8(a) of the United States Sentencing Guidelines in the event, and only in the event, that, after he enters a plea of guilty pursuant to this agreement, the Defendant then moves to withdraw his plea of guilty and the court grants his motion. In that event, the following shall be admissible against the Defendant:

(a) Plea of guilty which is later withdrawn or which the Defendant seeks to withdraw;

(b) Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty;

(c) Any statement made in the course of plea discussions with an attorney or agent for the United States which result in a plea of guilty later withdrawn.

The parties expressly agree that, if the court rejects this plea agreement, the above waiver will not apply and the Defendant will have all the rights and protections afforded him by Rule 11(e)(6).

## WAIVER OF RIGHTS TO APPEAL AND COLLATERAL ATTACK

Defendant is aware that his sentence will be imposed in accordance with the United States Sentencing Commission's *Guidelines Manual*. Defendant nonetheless acknowledges and agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense(s) to which Defendant pleads guilty. Defendant is aware that Title 18, United States Code, Section 3742, affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal his sentence or the manner in which it was determined on the grounds set forth in Title 18, United States Code, Section 3742, or any other grounds, except that Defendant may appeal a sentence imposed above the statutory maximum or an upward departure from the Sentencing Guidelines. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

In agreeing to this waiver, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Realizing the uncertainty in estimating what sentence Defendant will ultimately receive, Defendant knowingly waives the right to appeal the sentence, except as stated above, in exchange for the concessions made by the United States in this plea agreement.

Defendant's right to file a motion attacking his sentence pursuant to 28 U.S.C. § 2255 has also been explained to him and he understands that right. As a part of this plea agreement, Defendant waives his right to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255.

Acknowledgment

I hereby knowingly, intelligently, and voluntarily waive the rights to appeal or collaterally attack the sentence as set forth above.

*[signature]*
JASON BROWN
Defendant

<u>BANKRUPTCY WAIVER</u>

Defendant agrees not to attempt to avoid paying any fine or restitution imposed by the Court through any proceeding pursuant to the United States Bankruptcy Code. Defendant waives all rights, if any, to obtain discharge or to delay payment of any fine or restitution obligation or alter the time for payment by filing a petition pursuant to the Bankruptcy Code. Defendant stipulates that enforcement of any fine or restitution obligation by the United States is not barred or affected by the automatic stay provisions of the United States Bankruptcy Code (Title 11, United States Code, Section 362), and that enforcement of any fine or restitution obligation by the United States is a valid exercise of its police or regulatory power within the meaning of Title 11, United States Code, Section 362(b). Defendant stipulates and agrees not to institute or participate in any proceeding to interfere with, alter, or bar enforcement of any fine or restitution obligation pursuant to the automatic stay or other provision of the Bankruptcy Code in any case filed by Defendant or his creditors. Upon request of the United States, Defendant will execute an order or stipulation granting the United States relief from the automatic stay or other

Bankruptcy Code provisions in order to enforce any fine or restitution obligation. Defendant stipulates that any fine or restitution obligation imposed by the Court is not dischargeable pursuant to Title 11, United States Code, Section 523 in any case commenced by Defendant or his creditors pursuant to the Bankruptcy Code. Defendant's waivers and stipulations or agreements set forth above are made in exchange for the United States' concessions set forth in this agreement.

## COUNSEL

The Defendant has discussed this case at length with Defendant's counsel. The Defendant is satisfied with counsel's investigation of the case, exploration of possible defenses, advice and other representation.

## OTHER DISTRICTS AND JURISDICTIONS

This document **DOES NOT BIND** any other United States Attorney in any other district, and it in no way limits, binds, or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity.

## TAX PROCEEDINGS

Unless otherwise specified herein, this document in no way applies to or limits any pending or prospective proceedings, related to the Defendant's **tax liabilities**, if any.

## BREACH OF AGREEMENT

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The Defendant hereby **WAIVES** all rights pursuant to Rule 32(e), *Federal Rules of Criminal Procedure,* to withdraw from Defendant's guilty plea and this agreement, save and except for the limited reasons outlined above in this paragraph.

In the event that the Defendant, after entry of a plea of guilty, unsuccessfully attempts to withdraw his plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any provision in this agreement regarding acceptance of responsibility. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

## COMPETENCE

The Defendant has not had any drugs, medication or alcohol within the past 48 hours except as stated hereafter, and is competent to enter the plea agreement stated above.

## COMPLETE AGREEMENT

Other than what is contained in this document, NO PROMISES, OR REPRESENTATIONS HAVE BEEN MADE TO THE DEFENDANT BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED, TO INDUCE THE DEFENDANT TO PLEAD GUILTY. This document

represents the sole agreement and understanding between the Defendant and the United States, and no other agreement will be entered into unless memorialized in writing and signed by all parties. To become effective, this agreement must be signed by all signatories listed below.

## ACKNOWLEDGMENTS

1. I have READ this document, DISCUSSED it with my attorney, and UNDERSTAND and AGREE with all its provisions both individually and totally.

July 8, 2003
DATE

JASON BROWN
Defendant

2. I have discussed this case with the Defendant in detail and have advised the Defendant of the Defendant's rights and all possible defenses. The Defendant has conveyed to me that the Defendant understands this document and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

July 8, 2003
DATE

JOE ESPY
Counsel for Defendant

3. I have reviewed this document and agree to its provisions.

ALICE H. MARTIN
United States Attorney
Northern District of Alabama

MIKE RASMUSSEN
Assistant United States Attorney
Northern District of Alabama

GEORGE A. MARTIN
Assistant United States Attorney
Northern District of Alabama

J. PATTON MEADOWS
Assistant United States Attorney
Northern District of Alabama

by:

JOSHUA R. HOCHBERG
Chief, Fraud Section
Criminal Division
United States Department of Justice

RICHARD C. SMITH
Deputy Chief, Fraud Section
Criminal Division
United States Department of Justice

RICHARD N. WIEDIS
Senior Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice

14