# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

## (HEALTHSOUTH CORPORATION 2002 DERIVATIVE LITIGATION)

| | | |
|---|---|---|
| **WADE TUCKER, derivatively for the Benefit of and on behalf of the Nominal Defendant HealthSouth Corporation,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO. CV-02-5212** |
| | ) | |
| **-vs-** | ) | |
| | ) | |
| **RICHARD M. SCRUSHY, _et al._,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## UBS SECURITIES LLC'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT, OR ATERNATIVELY, TO STAY THE ACTION

COMES NOW defendants "UBS Investment Bank" and "UBS Group" (collectively, the "UBS Parties"), the entities identified in the Third Amended Complaint ("Amended Complaint" or "Am. Compl."), whose true and correct name is UBS Securities LLC ("UBS Securities"), formerly known as UBS Warburg LLC.   UBS Securities moves that this Court enter an order dismissing plaintiff's claims against the UBS Parties, or alternatively, staying this proceeding.

### _PRELIMINARY STATEMENT_

In this purported derivative action, plaintiff claims that the UBS Parties "performed investment banking services for HealthSouth and received fees for such services." (Am. Compl. ¶ 21).  In fact, "UBS Group" and "UBS Investment Bank" are non-existent legal entities and as such, were not parties to any investment banking contract or relationship with HealthSouth Corporation ("HealthSouth"), a corporation incorporated in Delaware. Accordingly, the Amended Complaint must be dismissed as to these defendants.

Aside from this basic pleading deficiency, the Amended Complaint must be dismissed for the following additional reasons:

*First*, plaintiff, in accordance with Alabama Rule of Civil Procedure 23.1 and applicable Delaware law, did not make a demand on the HealthSouth Board of Directors that was in control of HealthSouth at the time plaintiff initiated the claims against the UBS Parties on August 8, 2003.

*Second*, plaintiff has failed to allege, as required by Alabama Rule of Civil Procedure 23.1 and applicable Delaware law, particularized facts excusing his failure to make a demand on the HealthSouth Board, which has a different composition from the Board as it existed at the original initiation of this litigation. In an attempt to excuse his failure to file a demand on the new HealthSouth Board, plaintiff makes wholly conclusory allegations, including that this entire Board is "beholden" and "dominated" by defendant Richard Scrushy. (*See* Am. Compl. 134(a)). This general allegation is not only legally insufficient, but directly contradicted by the outside directors' unanimous ouster of Scrushy as Chairman and Chief Executive Officer of HealthSouth on March 30, 2003.[1]

Plaintiff fails to allege, as required by Delaware law, that a majority of the Board sitting when the Amended Complaint was filed "was *incapable* of exercising its power and authority to pursue the derivative claims directly." *Levine* v. *Smith*, 591 A.2d 194, 205 (Del. 1991) (emphasis added). That failure requires dismissal.

*Third*, plaintiff's claims against the UBS Parties must be dismissed to the extent that they are based upon acts, events, and transactions that occurred prior to August 8, 2001, as such claims are barred by the applicable two-year statute of limitations.

---

[1]    HealthSouth Form 8-K, filed March 31, 2003.

*Fourth*, plaintiff's claims against the UBS Parties must be dismissed because they fail to plead fraud with particularity, as required by Alabama Rule of Civil Procedure 9(b), and fail to state a claim upon which relief can be granted pursuant to Alabama Rule of Civil Procedure 12(b) (6).

*Fifth*, plaintiff's claims against the UBS Parties must be dismissed, because HealthSouth did not suffer a cognizable injury as the result of any alleged conduct or omission by the UBS Parties.

*Finally*, plaintiff's claims against the UBS Parties are barred by the doctrine of inequitable conduct and unclean hands, and the agreements governing UBS Securities' investment banking relationship with HealthSouth.

Alternatively, this action should be stayed to allow the present Board of Directors of HealthSouth and the Special Litigation Committee the opportunity to investigate these newly alleged claims and until the completion of the overlapping criminal investigation.[2]

### *MOTION TO DISMISS*

Pursuant to Rules 4(c), 9(b), 12(b) (6) and 23.1 of the Alabama Rules of Civil Procedure, UBS Securities moves this Court to dismiss the claims alleged against the UBS Parties on the following grounds:

1.     Plaintiff has failed to comply with Alabama Rule of Civil Procedure 4(c), which requires, in relevant part, that service upon a corporation must be made by "serving the agent authorized by appointment of law to receive service of process."

---

[2]     The Court entered an Order on September 22, 2002 generally deferring consideration of all Motions to Dismiss filed in this action. Thus, in advance of final consideration, UBS Securities will submit a brief in support of this Motion to Dismiss, the legal grounds for which are summarized herein.

(a)    UBS Group and UBS Investment Bank are not legal entities. (Affidavit of Robert J. Giuffra, Jr., sworn October 16, 2003 (hereinafter "Giuffra Aff.") ¶ 2).    As a result, plaintiff did not serve either of these entities but rather UBS Securities – an entity that is not named as a defendant in this action. (Giuffra Aff. ¶ 3, Exh. A).    Accordingly, this court lacks jurisdiction over these named defendants.  *See Ex parte Pate*, 673 So. 2d 427, 428-29 (Ala. 1995) (vacating judgment as to a defendant never named as a defendant in his individual capacity); *see also Sims* v. *State ex rel. Ala. Comm'n on Higher Edu.*, 582 So. 2d 1137, 1138 (Ala. Civ. App. 1991) ("Strict compliance with [the rules regarding service of process] is required.").

(b)    It is well settled that "[a] plaintiff must properly name a defendant in order to properly sue that defendant."  *SELCO, S.R.L.* v *Webb*, 727 So. 2d 796, 800 (Ala. 1998). Although UBS Warburg is listed in this Court's case action summary sheet as a defendant (apparently because UBS Warburg was the entity that was served with the Amended Complaint), plaintiff's failure to name UBS Warburg as a defendant bars their claims against its successor, UBS Securities, under Alabama procedural rules.  "Rule 10(a) requires that a complaint include the names of all parties in the title of the action.  [The Alabama Supreme Court has] held that it is the title of the Complaint and not the body that establishes the parties who are before the court as litigants."    *Cofield* v. *McDonald's Corp.*, 514 So. 2d 953, (1987) (rejecting plaintiff's argument that two entities related to the named defendant and listed on the case action summary sheet were litigants to the action) (internal citations omitted).

2.    Plaintiff has failed to make a demand upon the present Board of Directors of HealthSouth to prosecute the claims alleged against the UBS Parties in the Amended Complaint, as required by applicable Delaware law.[3]

3.    Plaintiff has failed to allege with particularity, as required by Alabama Rule of Civil Procedure 23.1 and applicable Delaware law, the reasons for his failure to make a demand on the HealthSouth Board prior to filing an action against the UBS Parties on August 8, 2003.  *See In re Fuqua Industries, Inc. Shareholder Litig.*, 1997 WL 257460, at *13 (Del. Ch. May 13, 1997) ("[C]laims alleged in an amended complaint, which are not already validly in litigation, should be presented to the board in existence at the time of the filing of the amended complaint or the plaintiff should state with particularity why demand upon that board would be futile, and thus, should be excused.").

During the almost one year period between the filing of the original complaint and the initiation of the claims against the UBS parties, two new outside directors were named to the HealthSouth Board, specifically Jon Hanson and Robert P. May.[4]  In addition, defendant Watkins resigned from the Board (Am. Compl. ¶ 134(i)) and, significantly, defendant Richard

---

[3]    Because HealthSouth is a Delaware corporation, plaintiff's obligation to make a director demand is governed by Delaware law.  *See Distronics Ltd.* v. *Disc Mfg., Inc.* 686 So. 2d 1154, 1160 n. 2 (Ala. 1996) ("established rule of conflicts law is that the internal corporate relationship is governed by the law of the state of incorporation") (internal citations omitted); *Stallworth* v. *AmSouth Bank of Alabama*, 709 So. 2d 458, 463 (Ala. 1997) (director demand requirement is "an important aspect of substantive corporate law that limits the respective powers of the individual shareholder and of the directors to control corporate litigation").

[4]    Shortly after the filing of the Amended Complaint, HealthSouth appointed another independent director, Lee S. Hillman, to its Board. HealthSouth Form 8-K, filed September 11, 2003.

Scrushy has been excluded from participating in HealthSouth Board matters.[5]   Thus, the HealthSouth Board of Directors had eight active board members when the Amended Complaint was filed.   These directors were John S. Chamberlin, C. Sage Givens, Joel Gordon, Jon F. Hanson, Robert May, Charles W. Newhall, Larry D. Striplin Jr. and George Strong.   (*See* Am. Compl. ¶¶ 131, 134).   Seven of these eight individuals are outside directors.   (*See* Am. Compl. ¶¶ 131-134).

(a)      Plaintiff cannot excuse his failure to make a demand concerning his claims against the UBS Parties by using the "shorthand shibboleth" that the entire HealthSouth Board sitting when he filed the Amended Complaint was "dominated" and "beholden" to HealthSouth's former chairman, Richard Scrushy.  *Aronson* v. *Lewis*, 473 A.2d 805, 816 (Del. 1984).   To establish domination and control, plaintiff must allege "particularized facts manifesting a direction of corporate conduct in such a way as to comport with the wishes or interests of the corporation (or persons) doing the controlling."  *Aronson*, 473 A.2d at 816 (internal citations omitted).  Plaintiff cannot make such particularized allegations here, when HealthSouth's outside directors by a unanimous vote removed Scrushy as Chairman and Chief Executive Officer of HealthSouth in March 2003, months prior to the filing of the Amended Complaint.  *See, e.g., Ash* v. *McCall*, 2000 Del. Ch. LEXIS 144, at *22 n.14 (although one director's removal and another's resignation was *after* the filing of the derivative complaint, these facts "surely belie plaintiffs naked assertion" that these two directors dominated the board).

---

[5]      On June 16, 2003, Richard Scrushy filed a lawsuit against HealthSouth and the eight other HealthSouth Directors requesting, in part, that the Court issue an order enjoining these directors from excluding him from participation in HealthSouth Board matters. *See Scrushy* v. *Gordon*, C.A. No. 20375 (Del. Ch.); *see also* Tom Bassing and Steven Mackay, *Scrushy Suing HealthSouth for Shutting Him Out*, Birmingham Bus. J., June 18, 2003.

(b)    Similarly, plaintiff cannot excuse his failure to make a demand on HealthSouth's Board by generally alleging that a finding of liability by the UBS Parties "would make it much more likely that Scrushy and the Director Defendants would be held liable." (Am. Compl. ¶ 133).    "The mere threat of personal liability . . . standing alone, is insufficient to challenge" the "disinterestedness of directors." *Aronson*, 473 A.2d at 815.    To hold otherwise, would "effectively abrogate" the demand requirement, because it would apply to every case. *Aronson*, 473 A.2d. at 818.

Rather, a director can be considered interested only if there is a "substantial likelihood" of potential liability. *Rales* v. *Blasband*, 634 A.2d 927, 936 (Del. 1993). Where, as here, a certificate of incorporation exempts directors from certain liabilities,[6] the plaintiff must plead particularized facts showing there is a "substantial likelihood" that a majority of the directors "conduct falls outside the exemption." *See, e.g., In re Baxter Int'l, Inc. Shareholders Litig.*, 654 A.2d 1268, 1270 (Del. Ch. 1995).    As discussed *infra*, plaintiff has failed to make that showing.

(c)    Plaintiff's wholly conclusory (and, indeed, contradictory) allegations that Director Defendants Givens, Newhall or Strong engaged in insider trading cannot excuse

---

[6]    Article NINTH of HealthSouth Corporation's Certificate of Incorporation circumscribes director liability as follows:

> No director of this Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for breaches of fiduciary duty as a Director; provided, however, that this [article] shall not eliminate the liability of a Director (a) for any breach of the Director's duty of loyalty to the Corporation or its stockholders, (b) for acts or omissions not in good faith or which involve intentional misconduct or knowing violation of law, (c) under Section 174 of the General Corporation Law of Delaware, or (d) for any transaction from which the Director received an improper personal benefit.

demand. (*See* Am. Compl. ¶ 134(c),(e),(f)). Plaintiff has failed to allege with *particularity* that these three directors *possessed* any inside information.[7]  The mere fact that a director sold a large portion of stock at a certain time does not itself support the assertion that the director faces a "real threat of liability." *Id.*

        (d)    Plaintiff's general allegation that HealthSouth's Board acquiesced or approved in the alleged wrongdoing "is no excuse to say that demand is necessarily futile." *Brehm* v. *Eisner*, 746 A.2d 244, 257 n. 34 (Del. 2000).   Plaintiff repeatedly alleges that "a majority of board members themselves are the alleged wrongdoers" and "engaged in self-dealing." (Am. Compl. ¶ 133).  But plaintiff fails to particularize "[t]he manner of [this alleged] participation and the nature and extent of the knowledge possessed by the members of the Board of Directors." *Good* v. *Getty Oil Co.*, 514 A.2d 1104, 1008 (Del. Ch. 1986).  Indeed, plaintiff's allegations of wrongdoing by the HealthSouth directors are substantially the same as those plead in the First Amended Complaint (*Compare* Am. Compl.¶ 133 *with* First Am. Compl. ¶ 85), and a Delaware court in another HealthSouth related litigation has already indicated that the entire First Amended complaint "d[id] not plead demand excusal with any specificity." *Biondi* v. *Scrushy*, 820 A.2d 1148, 1153-54 (Del. Ch. Jan. 16, 2003).

        (e)    Plaintiff alleges that the HealthSouth "board members have had ample time and opportunity to take action or voice concerns about the . . . alleged wrongdoings, yet they have done nothing." (Am. Compl. ¶ 133).   In Delaware, demand of a company's board is not excused on the basis that a majority of the board failed to take corrective action prior to the filing

---

[7]    *See, e.g., Guttman* v. *Huang*, 823 A.2d 492, 503 (Del. Ch. 2003) ("Entirely absent from the complaint are well-pled particularized allegations of fact detailing the precise role that these directors played at the company, the information that would have come to their attention in those roles, and any indication as to why they would have perceived the" alleged insider information).

of the lawsuit.    *See Allison* v. *General Motors Corp.*, 604 F. Supp. 1106 (Del. 1985) (defendant's "mere failure to institute suit with knowledge of the alleged underlying wrongs and its defense of government litigation do not excuse demand as futile under Rule 23.1").

(f)    Plaintiff's allegations that directors Newhall and Strong cannot independently address a demand as to the plaintiff's claims against the UBS Parties, because they both served as Integrated Health Services ("IHS") directors and are co-plaintiffs in an IHS lawsuit are simply insufficient as a matter of law.   (Am. Compl. ¶ 134 (d)-(e)).[8]

4.    To the extent that plaintiff alleges claims against the UBS Parties that are based upon acts, events, and transactions that occurred before August 8, 2001, those claims are barred by the applicable two-year statue of limitations. *See, e.g.*, Ala. Code § 6-2-38(l).

5.    Plaintiff has failed to allege his claims against the UBS Parties, which each sound in fraud, with the particularity required by Alabama Rule of Civil Procedure 9(b).

6.    The Amended Complaint fails to state a claim upon which relief can be granted under Alabama Rule of Civil Procedure 12(b) (6).

7.    The claims against the UBS Parties asserted by derivative plaintiff on behalf of nominal defendant HealthSouth are barred by HealthSouth's inequitable conduct and unclean hands.

---

[8]    First, director defendants sit on the same board of directors of another company does not in itself establish a lack of independence. *Langer* v. *Brown*, 913 F. Supp. 260, 266 (S.D.N.Y. 1996) (applying Delaware law).   Second, whether or not they are involved in a litigation "with striking similarities to HealthSouth's current predicament" (Am. Compl. ¶ 134(d)) is irrelevant, as courts have rejected arguments that directors are interested due to their potential or actual involvement in litigation involving the same challenged action or inaction. *See, e.g.*, *Brehm*, 746 A.2d at 257 n. 34 (demand is not futile because "directors would have to sue themselves.").

8.    The claims against the UBS Parties are barred, because HealthSouth sustained no legally cognizable injury by virtue of any alleged conduct or omission of the UBS Parties.

9.    This action, and the claims asserted therein, is barred by the agreements governing UBS Securities' investment banking relationship with HealthSouth.  In these agreements, HealthSouth, in relevant part, agreed: (a) to indemnify UBS Securities as to any claims relating to its financial advisory services except to the extent such claims related *solely* to the gross negligence or willful misconduct of UBS Securities;  (b) to indemnify UBS Securities as to any claims relating to any material misstatement or omission made by HealthSouth in certain Offering Memorandums; (c) to bring any claims relating to financial advisory services performed by HealthSouth in certain specified New York courts; (d) that UBS Securities did not have a contractual obligation to verify any HealthSouth financial information or to advise HealthSouth of any inaccuracies contained therein; and (e) that UBS Securities, as a HealthSouth financial advisor, was an independent contractor and not a fiduciary to HealthSouth.

### *MOTION TO STAY*

In the alternative, this action against the UBS Parties should be stayed for the following reasons:

10.    Neither the HealthSouth Board, which has a different composition from the Board as it existed at the original filing of this action, nor the HealthSouth Special Litigation Committee, has had an opportunity to investigate and report on the allegations alleged against the UBS Parties in the August 8, 2003 Amended Complaint.  Courts have repeatedly ordered a stay of the underlying derivative action while a special litigation committee conducts its review and determines the best course of the corporation on whose behalf the claims are brought. *See*

American Law Institute, Principles of Corporate Governance: Analysis and Recommendations §
7.06 (cmt. c) (1994) (granting the stay pending action by a special litigation committee is
"common practice"). To hold otherwise, would subvert the purpose of the special litigation
committee.[9]

   11. As in the Securities and Exchange Commission's civil action against
HealthSouth and Richard Scrushy, this action should be stayed because the parties will not be
able to investigate the allegations so long as key witnesses find it necessary to invoke their Fifth
Amendment rights against self-incrimination. *SEC* v. *HealthSouth*, CV-03-J-615-S (N.D. Ala.
May 7, 2003 Mem.). In that matter, Judge Inge P. Johnson found that:

> [J]udicial discretion and procedural flexibility should be utilized to . . .
> prevent the rules and policies applicable to one suit from doing
> violence to those pertaining to the other. In some situations it may be
> preferable to stay the civil proceeding . . . . The Court's role in a civil
> proceeding such as that before it is to ensure that fairness permeates
> the proceeding and to try to ascertain the truth. The court is unable to
> accomplish either of these purposes here, as the witnesses who could
> testify as to the allegations in the SEC's complaint have refused to do
> so, by invoking their Fifth Amendment rights.

*Id.* at 57-58 (internal citations omitted). Because the allegations in the Amended Complaint
substantially overlap with the ongoing criminal investigation referenced by Judge Johnson,
fairness similarly dictates that this action be stayed to allow the litigants to fully investigate these
allegations.

---

[9] *See also In re Oracle Corp. Derivative Litig.*, 2002 WL 1558385 at *5 (Del. Ch. July 10,
2002) ("The deference Delaware law pays to the special litigation committee process is a
matter of our state's substantive, not procedural, law."); *Abbey* v. *Computer &
Communications Technology Corp.*, 457 A.2d 368, 375 (Del. Ch. 1983) ("If a derivative
plaintiff were to be permitted to depose corporate officers and directors and to demand
production of corporate documents, etc. at the same time that a duly authorized litigation
committee was investigating whether or not it would be in the interests of the corporation
to permit the suit to go forward, the very justification for the creating of the litigation
committee in the first place might well be subverted.").

## CONCLUSION

For the foregoing reasons, the claims against the UBS Parties must be dismissed or alternatively, this Court should stay the action.

Respectfully submitted,

*Of Counsel:*

Robert J. Giuffra, Jr.
Thomas R. Leuba
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
(212) 558-4000

Attorneys for UBS Securities LLC

W. Stancil Starnes
Jay M. Ezelle
Robin H. Jones
STARNES & ATCHISON LLP
P.O. Box 598512
Birmingham, Alabama  35259-8512
(205) 868-6000

Attorneys for UBS Securities LLC

October 17, 2003

### *ORAL ARGUMENT REQUESTED*

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing to be mailed to counsel for all parties to this action on this the ___17th___ day of October, 2003.

OF COUNSEL

*Attorneys for HealthSouth Corp.:*
J. Michael Rediker, Esq.
Haskell, Slaughter
1200 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

Steven J. Rothschild, Esq.
Skadden, Arps, Slate
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

*Attorney for Source Medical Solutions, Inc.:*
John W. Scott, Esq.
Huckaby, Scott & Dukes
850 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

*Attorneys for Chamberlin, Givens, Gordon,*
*Newhall, Striplin, Strong, Watkins:*
J. Mark Hart, Esq.
400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

*Attorney for Ernst & Young*:
Henry Simpson, Esq.
Adams & Reese/Lange Simpson
Suite 1100
2100 Third Avenue North
Birmingham, AL 35203

*Attorney for Weston Smith*:
Charles A. Dauphin, Esq.
Baxley, Dillard
2008 Third Avenue South
Birmingham, AL 35233

*Attorney for William T. Owen:*
Frederick G. Helmsing, Esq.
Suite 2000
150 Government Street
P.O. Box 2767
Mobile, AL 36652

*Defendant:*
Mr. Gerald Scrushy
3424 Creekwood Drive
Birmingham, AL 35243

*Attorney for Former Directors and Unindicted Officers:*
N. Lee Cooper, Esq.
Maynard, Cooper & Gale
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

*Attorney for Michael Martin:*
Lee C. Reeves, Esq.
Sirote & Permutt
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255

*Defendant:*
Healthcare Realty Trust, Inc.
c/o John McRoberts
Suite 630
1000 Urban Center Parkway
Birmingham, AL 35242

*Attorney for Richard Scrushy:*
H. Lewis Gillis, Esq.
Thomas, Means
P.O. Box 370447
Birmingham, AL 35237

Thomas Sjoblom, Esq.
1200 New Hampshire Avenue, NW
Washington, DC 20030

*On behalf of all indicted individual defendants:*
Joseph A. Fawal, Esq.
Fawal & Spina
1330 21ˢᵗ Way South, Suite 200
Birmingham, AL 35205

GG Enterprises
c/o Gary Garygussing
865 Woodmere Creek Loop
Birmingham, AL 35226

*Attorneys for Derivative Action Plaintiffs:*
Edward F. Haber, Esq.
Shapiro, Haber & Urmy
75 State Street
Boston, MA 02109

Juden Justice Reed, Esq.
Suite 1660
Two Embarcadero Center
San Francisco, CA 94111

Arthur Shingler, III, Esq.
Scott & Scott
401 B. Street, Suite 1600
San Diego, CA 92101

Ronald A. Brown, Esq.
1310 King Street, Box 1328
Wilmington, DE 19899

Frank DiPirma, Esq.
41 Constitution Way
Convent Station, NJ 07960

Steven Gregory, Esq.
Dice & Gregory
2824 Seventh Street
Tuscaloosa, AL 35401

John Somerville, Esq.
Galloway & Somerville
11 Oak Street
Birmingham, AL 35213

*Attorney for Plaintiff Wade Tucker:*
John W. Haley, Esq.
Hare, Wynn, Newell & Newton
800 Massey Building
2025 Third Avenue North
Birmingham, AL 35203

21331

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

## (HEALTHSOUTH CORPORATION 2002 DERIVATIVE LITIGATION)

WADE TUCKER, derivatively for the )
Benefit of and on behalf of the Nominal )
Defendant HealthSouth Corporation, )
  )
—————————————————————— )   CIVIL ACTION NO. CV-02-5212
  )
  )
RICHARD M. SCRUSHY, *et al.*, )

---

STATE OF NEW YORK   )
  ) ss.:
COUNTY OF NEW YORK )

### AFFIDAVIT OF ROBERT J. GIUFFRA, JR.

Robert J. Giuffra, Jr., being duly sworn, deposes and says:

1.     I am a partner of the law firm Sullivan & Cromwell LLP, counsel for UBS Securities LLC ("UBS Securities"), formerly known as UBS Warburg LLC, in this action. I am a member of the bar of the State of New York.

2.     On August 18, 2003, the Third Amended Complaint was served upon UBS Securities, an entity that is not named as defendant in this action. A true and correct copy of the Notice of Service of Process is attached as Exhibit A hereto.

3.     As counsel for UBS Securities, I am familiar with the organization of UBS Securities and its affiliates. To the best of my knowledge and belief, neither UBS Group nor UBS Investment Banking is a legal entity incorporated in any U.S. state or foreign country. Rather, UBS Group is a term used to reference numerous UBS entities, including UBS Securities, its affiliates and parent corporation. UBS Investment

Bank is a term that is used to reference the investment banking division of UBS Securities.

Robert J. Giuffra, Jr.

Sworn to before me this
16th day of October, 2003

Notary Public

GAURAV I. SHAH
Notary Public, State of New York
No. 02SH6083029
Qualified in New York County
Commission Expires Nov. 12, 2006

-2-

## Corporation Service Company
2711 Centerville Road Suite 400, Wilmington, DE, 19808
(888) 690-2882    sop@cscinfo.com

United States Corporation Company                    The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

Date Processed: 18-AUG-03                    Transmittal #:  AL1827823C    ALL

To: CYNTHIA WALSHE, ASSOCIATE DIRECTOR          Redirect sent to:
UBS AG
677 WASHINGTON BOULEVARD
STAMFORD CT 06901

### TYPE OF REPRESENTATION:  Statutory

*We enclose the following documents which were served upon:*
                    CSC-Lawyers Incorporating Service Incorporated
*as registered agent in*  **Alabama**          for
                    UBS SECURITIES LLC (ID#:  2112151)
*Documents were served on*  18-AUG-03  *via Certified Mail*      ID#:  70031010000399011.472

Title of Action: Wade Tucker, for HealthSouth Corporation          Case #: CV 02-5212
            vs.  Richard M. Scrushy, et al.
        Court:  Circuit Court of Jefferson County, AL
Nature of Case:
            breach of fudiciary duty

| | | |
|---|---|---|
| X  Summons | ____ Notice of Mechanic's Lien | ____ A self-addressed stamped envelope enclosed |
| X  Complaint | ____ Notice of Attorney's Lien | ____ Duplicate copies of the Notice |
| ____ Garnishment | ____ Notice of Default Judgment | and Acknowledgement enclosed |
| ____ Subpoena | | |

_X_  Other:  3rd Am. Comp;2nd Am. Comp;1st Am.Comp.

Answer Due: w/in 30 days after  service
Documents Sent: Federal Express        ID#: 839895935860
Call Placed: No call placed            Spoke to: N/A
Comments: service to UBS Warburg LLC, prior name

Attorney for Claimant:
    John Q. Somerville
    Galloway & Somerville LLC
    11 Oak Street
    Birmingham, AL 35213
    205/871-2183

Form Prepared By:  Ethleen Bazzell

Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

**EXHIBIT**
**A**

## CIVIL SUMMONS

| | CASE NO: |
|---|---|
| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | **CV   2002   5212** |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY

Plaintiffs:   Wade Tucker, et al.   **vs.**   Defendants:   Richard M. Scrushy, et al.

NOTICE TO:   UBS Warburg LLC
CSC Lawyers Incorporating Service
150 S. Perry Street
Montgomery, Alabama 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF'S ATTORNEY. **JOHN Q. SOMERVILLE**, WHOSE ADDRESS IS **GALLOWAY & SOMERVILLE, LLC, 11 OAK STREET, BIRMINGHAM, ALABAMA 35213.** THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐   You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

☒   Service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

*FILED IN OFFICE*
*AUG 0 8 2003*
*ANNE-MARIE ADAMS*
*Clerk*

DATE   **AUG 1 5 2003**

CLERK/REGISTER   *Anne-Marie Adams*

☒   Certified Mail is hereby requested.

Plaintiffs/Attorney's Signature

---

RETURN ON SERVICE:

☐   Return receipt of certified mail received in this office on _____ (Date).

☐   I certify that I personally delivered a copy of the Summons and Complaint to _____
in _____ County, Alabama, on _____ (Date).

_____
DATE

_____
ADDRESS OF SERVER

_____
SERVER SIGNATURE

_____
TYPE OF PROCESS SERVER

LAW OFFICES

# LONDON & YANCEY, L.L.C.

400 Park Place Tower
2001 Park Place North
**Birmingham, Alabama 35203**
Telephone 205/251-2531

Established 1889

mhart@londonandyancey.com

October 15, 2003

Thomas R. Elliott, Jr.
Bert S. Nettles
J. Mark Hart
Allen R. Trippeer, Jr.
Mark D. Hess
Paige Elliott-Pinson
C. Dennis Hughes
Brennan C. Ohme
Joseph L. Cowan II
J. Michael Keel
Robert J. Campbell
Khristi J. Doss
John H. McEniry, IV

Alex T. London
1847-1908

John London
1848-1935

George W. Yancey
1883-1962

Robert W. Norris
Of Counsel

Facsimile 205/251-8929
or 205/380-3622

To:     All Counsel of Record

Re:     Wade Tucker Derivative Action
        Jefferson County Circuit Court, CV-02-5212
        Our File No.:  1476-03506

Dear Counsel:

Regarding the "Officers and Directors" defendants' Motion to Dismiss the Third Amended Complaint, Judge Horn's office advised that the Court will not at this time set the motion for hearing per his recent Order continuing proceedings in this case. Judge Horn's office also confirmed that the parties need not brief the motion at this time, and a briefing schedule can be established when the motion is set for hearing at a future date.

**Accordingly, please disregard the notice of hearing on the motion for November 21, 2003.** The motion is **not** set at that time.

Sincerely,

J. Mark Hart

JMH:sbg
cc:     Paul Gluckow, Esq.

M:\DATA\JMH\HealthSouth\Non-Insurance\Tucker\Plead\COS.letters.wpd

| | |
|---|---|
| J. Michael Rediker<br>Thomas L. Krebs<br>Michael K.K. Choy<br>Haskell, Slaughter, Young & Rediker, LLC<br>1400 Park Place Tower<br>2001 Park Place North<br>Birmingham, AL 35203<br>*Attorneys for Defendant HEALTHSOUTH* | Stephen D. Dargitz<br>Edward P. Welch<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>P. O. Box 636<br>Wilmington, DE 19899-0636<br>*Attorneys for Defendant HEALTHSOUTH* |
| Donald V. Watkins<br>Donald V. Watkins, P.C.<br>2170 Highland Avenue South, Suite 100<br>Birmingham, AL 35205<br>*Attorney for Defendant Scrushy* | John W. Haley<br>Ralph D. Cook<br>Hare, Wynn, Newell & Newton<br>2025 Third Avenue North, Suite 800<br>Birmingham, AL 35203<br>*Attorney for Plaintiff Tucker* |
| John Q. Somerville<br>Stacey C. Deas<br>Galloway & Somerville<br>11 Oak Street<br>Birmingham, AL 35213<br>*Attorneys for Plaintiff Tucker* | Steven P. Gregory<br>Karen E. Skilling<br>Dice & Gregory, L.L.C.<br>2824 Seventh Street<br>Tuscaloosa, AL 35401<br>*Attorney for Plaintiff Wade Tucker* |
| H. Lewis Gillis<br>Raymond L. Johnson, Jr.<br>Thomas, Means, Gillis & Seay, PC<br>505 20th Street, North, Ste. 1035<br>P.O. Box 370447<br>Birmingham, AL 35237<br>*Attorneys for Defendant Scrushy* | Thomas Sjoblom<br>1200 New Hampshire Avenue, NW<br>Washington, DC 20030<br>*Attorneys for Defendant Scrushy* |
| Henry E. Simpson<br>Adams and Reese, LLP<br>2100 Third Avenue North, Suite 1100<br>Birmingham, AL 35203<br>*Attorney for Defendant Ernst & Young* | Lee M. Hollis<br>John G. Thompson, Jr.<br>Lightfoot, Franklin & White<br>The Clark Building<br>400 20th Street North<br>Birmingham, AL 35203<br>*Attorneys for MedCenterDirect.com* |
| Christopher P. Galanek<br>Powell, Goldstein, Frazer & Murphy<br>191 Peachtree Street NE, 16th Floor<br>Atlanta, GA 30303<br>*Attorney for MedCenterDirect.com* | James C. Huckaby<br>John W. Scott<br>Huckaby, Scott & Dukes<br>850 Park Place Tower<br>2001 Park Place North<br>Birmingham, AL 35203<br>*Attorneys for Source Medical Solutions* |

| | |
|---|---|
| C. Lee Reeves<br>Sirote & Permutt, PC<br>2311 Highland Avenue South<br>Birmingham, AL 35205<br>*Attorney for Defendant Martin* | Frederick G. Helmsing<br>Helmsing, Leach, Herlong, Newman & Rouse<br>P.O. Box 2767<br>150 Government Street, Suite 2000<br>Mobile, AL 36652<br>*Attorney for Defendant Owens* |
| Thomas J. Hall<br>Chadbourne & Park, LLP<br>30 Rockefeller Plaza<br>New York, NY 10012<br>*Attorney for Richard M. Scrushy* | Robert B. Weiser<br>Eric L. Zagar<br>Schiffrin & Barroway, LLP<br>3 Bala Plaza East, Suite 400<br>Bala Cynwyd, PA 19004<br>*Attorneys for Plaintiff Klein* |
| Michael Straus<br>Straus & Boies, LLP<br>1130 22nd Street South<br>Birmingham, AL 35205<br>*Attorneys for Plaintiff Klein* | D. Frank Davis<br>John E. Norris<br>Davis & Norris, LLP<br>One Highland Place, Suite 100<br>2151 Highland Avenue<br>Birmingham, AL 35205<br>*Attorneys for Plaintiffs Nichols/Kapoor* |
| Gerald Scrushy<br>3424 Creekwood Drive<br>Birmingham, AL 35243<br>(Pro se) | Healthcare Realty Trust, Inc.<br>c/o John McRoberts<br>1000 Urban Center Pkwy, Suite 630<br>Birmingham, AL 35242<br>(Pro se) |
| G.G. Enterprises<br>c/o Gary Garygussing<br>865 Woodmere Creek Loop<br>Birmingham, AL 35226<br>(Pro se) | Stancil W. Starnes<br>Starnes & Atchison<br>7th Floor, Brookwood Place<br>P.O. Box 598512<br>Birmingham, AL 35259<br>*Attorneys for UBS Group* |
| N. Lee Cooper<br>Patrick C. Cooper<br>Maynard, Cooper & Gale, P.C.<br>2400 AmSouth/Harbert Plaza<br>1901 6th Avenue North<br>Birmingham, AL 35203-2618<br>*Attorneys for Defendants Watkins, Taylor, Foster and Riviere* | Peter Q. Bassett<br>Susan E. Hurd<br>Betsy P. Collins<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>*Attorneys for Defendants Watkins, Taylor, Foster and Riviere* |
| John G. Watts<br>Dunaway & Watts, LLP<br>P.O. Box 531168<br>Birmingham, AL 35253<br>*Attorneys for Plaintiff Francis* | John G. Emerson, Jr.<br>Emerson & Poynter, LLP<br>P.O. Box 164810<br>Little Rock, AR 72216-4810<br>*Attorneys for Plaintiff Francis* |

| | |
|---|---|
| Charles A. Dauphin<br>Baxley, Dillard, Dauphin & McKnight<br>2008 3rd Avenue South<br>Birmingham, AL 35233<br>***Attorney for Defendant Smith*** | Joseph A. Fawal<br>Fawal & Spina<br>1330 21st Way South, Ste. 200<br>Birmingham, AL 35205<br>***Attorney for All Indicted Individual Defendants*** |
| Edward F. Haber<br>Shapiro, Haber & Urmy<br>75 State Street<br>Boston, MA 02109<br>***Attorneys for Derivative Action Plaintiffs*** | Juden Justice Reed<br>Suite 1660<br>Two Embarcadero Center<br>San Francisco, CA 94111<br>***Attorneys for Derivative Action Plaintiffs*** |
| Arthur Shingler, III<br>Scott & Scott<br>401 B. Street, Ste. 1600<br>San Diego, CA 92101<br>***Attorneys for Derivative Action Plaintiffs*** | Ronald A. Brown<br>1310 King Street<br>Box 1328<br>Wilmington, DE 19899<br>***Attorneys for Derivative Action Plaintiffs*** |
| Frank DiPrima<br>41 Constitution Way<br>Convent Station, NJ 07960<br>***Attorneys for Derivative Action Plaintiffs*** | |