IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
HEALTHSOUTH CORPORATION 2002 DERIVATIVE LITIGATION

| | |
|---|---|
| WADE TUCKER, ET AL.<br>    Plaintiff<br>v.<br>RICHARD M. SCRUSHY, ET AL.<br>    Defendants | CV 02-5212<br><br>Tucker Opposition to UBS Motion to Reconsider Order Denying Dismissal Motion<br><br>Relates to Derivative Suits Only |
| GREENWICH INSURANCE CO.<br>    Plaintiff<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>    Defendants | CV 03-3522 |
| STEVEN R. NICHOLS, ET AL.<br>    Plaintiffs<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>    Defendants | CV 03-2023 |
| FEDERAL INSURANCE COMPANY, ET AL.<br>    Plaintiffs<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>    Defendants | CV 03-2420 |
| JULIAN L. McPHILLIPS, Jr.<br>    Plaintiff<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>    Defendants | CV 03-3845 |
| DENNIS FAMILY TRUST<br>    Plaintiff<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>    Defendants | CV 98-6592 |

**PLAINTIFF TUCKER'S OBJECTIONS AND RESPONSES IN OPPOSITION TO DEFENDANT UBS SECURITIES LLC'S MOTION TO RECONSIDER ORDER OF MARCH 3, 2005 DENYING DISMISSAL MOTION**

Plaintiff Tucker, derivatively and for the benefit of Nominal Defendant HealthSouth Corporation, herein responds to the "Motion to Reconsider," filed March 23, 2005, by Defendant UBS Securities LLC. The Motion to Reconsider

1

relates to this Court's Order Denying UBS's Motion to Dismiss of March 3, 2005 (the "Order") and seeks (a) to strike the words "with prejudice" from the Order, and (b) to obtain dismissal against two UBS entities named in the Complaint. The Motion to Reconsider is due to be denied for the following reasons:

I.  **As UBS Presents Nothing New, This Is Not a Proper Matter for a Motion to Reconsider.**

UBS does not say under which rule of court it brings its "Motion for Reconsideration." The Alabama Rules of Court do not expressly recognize motions to reconsider. McAllister v. Deatheradge, 523 So. 2d 387, 389 n. 1 (Ala. 1998). There are only two possibilities – Rule 59(e) relating to motions to alter or amend a judgment or Rule 60(b) relating to relief from judgments or orders. *See*: Backer-McKee Janssen Corr, Federal Civil Rules Handbook (2005), commenting at 939 on the almost identical Federal Rules:

> The Rules do not expressly recognize motions for reconsideration. Instead, such motions are treated typically as motions to alter or amend a judgment under Rule 59(e) or motions for relief from judgments or orders under Rule 60(b).

Id. at 939. In Ex Parte Trautman Sanders LLP, 866 So.2d 547 (Ala. 2003), the Supreme Court of Alabama specifically held that Rule 59(e) does not apply to a motion to reconsider a denial of a dismissal motion because such denial is interlocutory. Id. at 549-550. That leaves Rule 60(b). But "[w]here the facts alleged in the motion to reconsider were known by the moving party at the time of his original motion, Rule 60(b) does not authorize a motion to reconsider." Dowling v. Purvis, 477 So.2d 400, 403 (Ala. 1985). There is nothing here that

was not known when UBS brought or argued its original motion. UBS has not met, and does not even argue, the criteria of the rule, namely mistake, newly discovered evidence, fraud, or the like. As a leading commentator states,

> Motions for 'reconsideration' will not be granted absent 'highly unusual circumstances' – they do not provide litigants with an opportunity for a 'second bite at the apple' or allow them, like Emperor Nero, to "fiddle as Rome burns' . . .. [Citations omitted.]

Backer-McKee, *supra*, at 939-940.

II.  **The Words "WITH PREJUDICE" Should Not Be Stricken**

    A.  <u>UBS's Factual Premise Is Wrong</u>. UBS's Motion indicates, and UBS bottoms its motion on the premise, that all previous orders denying dismissal motions in this suit did not contain the words "with prejudice." That is mistaken. This Court's "Order Denying Motions to Dismiss Based on Demand Issues," dated July 29, 2004, ruled that the motion was "DENIED WITH PREJUDICE." No one appealed or sought reconsideration.

    B.  <u>UBS Did Not Previously Challenge, and Indeed Advocated, the Concept or Phrase It Now Wants Stricken</u>. The Form of Order that Tucker submitted on November 16, 2004, included the words "WITH PREJUDICE" in six different places, in each of Paragraphs 1 through 6. UBS did not object. Instead, UBS submitted its own form of order with its counsel's letter of November 19, 2004, and the UBS form of order contained the words "WITH PREJUDICE" in thirteen different places, in each of Paragraphs 1 through 13. Thus UBS, which presents nothing new, cannot now be heard to argue almost five months later that the words or the concept it embraced are offensive.

C. <u>UBS's Argument Regarding Summary Judgment Is Meritless</u>. UBS frets that someone some day may argue that the term "WITH PREJUDICE" forecloses later summary judgment motions. This argument has no merit. The Order denied a *dismissal* motion and thus dealt with (a) an outbound forum-selection clause, and (b) issues raised by the pleadings, such as demand under Rule 23.1, the standards of Rules 9 and 12. The words "WITH PREJUDICE" *do indeed* mean that UBS will *not* be permitted to bring serial *dismissal* motions on matters that go to choice of forum or the sufficiency of the pleadings under Rules 9, 12, and 23.1. But Rule 56 provides a different standard, and the Order specifically so recognizes. We trust that UBS will come to share Tucker's confidence that either side's Rule 56 motions after merits discovery will be dealt with on their merits. Removal of the words "WITH PREJUDICE" at this stage would only serve to encourage repeated attempts to re-litigate those matters that stand decided, such as demand, forum, and sufficiency of the pleadings.[1]

III. <u>It Is at Best Premature to Dismiss Any Named UBS Parties or Entities</u>

UBS's Motion to Reconsider requests dismissal as against defendants "UBS Group" and "UBS Investment Bank," indicating that neither is the correct name of any legal entity.[2] The Motion presents a previously submitted affidavit

---

[1] What has been truly remarkable about this suit is the number of times various parties, with time on their hands during an unavoidable stay, have tried to re-litigate the same issues over and over again, demand being one. The denial of this reconsideration motion would discourage this tactic that has heretofore thwarted judicial economy.

[2] UBS concedes that defendant UBS Securities LLC is the correct legal entity, and clearly its lawyers have made an appearance.

4

of UBS's outside counsel, Robert J. Giuffra, Esq., dated October 16, 2003. Tucker prepared his complaint with available information, including UBS's website, which utilized these names, and since then has not had the benefit of discovery. The 2003 affidavit offers scant reassurance, as it mistakenly indicates that "UBS Investment Banking" was named as a defendant, and limits itself to a tentative "best of my knowledge and belief" assertion. Dismissal is inappropriate for two reasons. <u>First</u>, there is no new information to reconsider, as UBS made this argument in its original motion in October 2003 and offers nothing new.[3] This is not a motion to reconsider at all, but a serial dismissal motion. <u>Second</u>, it would be imprudent to dismiss these named entities prior to discovery,[4] as Tucker lacks information as to the precise names of UBS's entities other than the less-than-confidence-inspiring statements of its outside counsel as to what the correct legal entity is. If UBS is right and a named entity never existed, it will be dismissed after appropriate discovery. If yet another now unnamed UBS entity perpetrated the torts alleged, then it is a defendant under Alabama's fictitious party practice. See <u>Compl.</u>, ¶26, referring to Fictitious Defendants W through Z. No one is prejudiced by the Order as written, and UBS's motion is due to be denied.

\*   \*   \*

We accordingly urge this Court to deny UBS's Motion to Reconsider.

---

[3] Indeed, UBS did not even mention dismissal of these two named entities either in its submission of October 29, 2004 or in oral argument held on November 10, 2004.

[4] Plaintiff notes that recent evidence at the Scrushy criminal trial, wherein former HealthSouth CFO Michael Martin testified at length that he told UBS's Managing Director Bill McGahan about the accounting fraud in June 1999, underscores the wisdom of denying motions to dismiss well-pled claims at this pre-discovery stage.

Respectfully submitted,

Derivative Plaintiff Wade Tucker
For and on Behalf of HealthSouth Corporation
By One of His Attorneys,

John W. Haley, Esq.
Ralph D. Cook, Esq.
Bruce J. McKee, Esq.
HARE WYNN NEWTON & NEWELL
2025 Third Avenue
Birmingham, AL 35203
(205) 328-5330

*/s/ Frank P. DiPrima*

Date: March 28, 2005

Frank P. DiPrima
LAW OFFICE OF FRANK DiPRIMA
41 Constitution Way
Convent Station, NJ 07960
(973) 656-0251

John Q. Somerville, Esq.
GALLOWAY & SOMERVILLE
11 Oak Street
Birmingham, AL 35213
(205) 871-2183

Ronald A. Brown, Jr. Esq.
PRICKETT JONES & ELLIOTT, P.A.
1310 King Street
Wilmington, DE 19801
(302) 888-6500

Edward F. Haber, Esq.
Thomas G. Shapiro, Esq.
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
(617) 439-3939

Robert C. Schubert, Esq.
Juden Justice Reed, Esq.
SCHUBERT & REED, LLP
Two Embarcadero Center
San Francisco, CA 94111
(415) 788-4220

David R. Scott, Esq.
Arthur L. Shingler III, Esq.
SCOTT+SCOTT LLC
401 B Street, Suite 1600
San Diego, CA 92101
(619) 744-4907

Steven Gregory, Esq.
DICE & GREGORY, L.L.C.
2824 Seventh Street
Tuscaloosa, AL 35401
(205) 758-2824

## Certificate of Service

I, Frank P. DiPrima, one of the attorneys for derivative plaintiff Wade Tucker, hereby certify that I caused a true and exact copy of the foregoing memorandum encaptioned "Plaintiff Tucker's Objections and Responses in Opposition to Defendant UBS Securities LLC's Motion to Reconsider Order of March 3, 2005 Denying Dismissal Motion," dated this day, to be served on this 28th day of March, 2005, by electronic means to the attorneys listed on Appendix 3 (attached) at their e-mail addresses shown in the attachment, pursuant to the Order of the Court of May 27, 2004

Frank P. DiPrima

**Appendix 3:**
**All Counsel in *Tucker v. Scrushy***
**Pending Before The Honorable Allwin E. Horn III**

| Party | Name of Person to Serve | Email Address |
|---|---|---|
| Tucker, Wade | John Q. Somerville, Esq.<br>Ralph D. Cook, Esq.<br>John W. Haley, Esq.<br>Bruce J. McKee, Esq.<br>Steve P. Gregory, Esq.<br>Frank DiPrima, Esq.<br>Ronald A. Brown, Esq.<br>Edward F. Haber, Esq.<br>Robert C. Schubert, Esq.<br>Juden Justice Reed, Esq.<br>Arthur L. Schingler, Esq. | jqs@gallowaysomerville.com<br>ralph@hwnn.com<br>haley@hwnn.com<br>bruce@hwnn.com<br>spg@diceandgregory.com<br>diprimalaw@aol.com<br>rabrown@prickett.com<br>ehaber@shulaw.com<br>rschubert@schubert-reed.com<br>jreed@schubert-reed.com<br>ashingler@scott-scott.com |
| Peters, Tim | Eric J. Belfi, Esq. | ebelfi@murrayfrank.com |
| Scrushy, Richard M. | H. Lewis Gillis, Esq.<br>April D. Williams, Esq.<br>Donald V. Watkins, Esq.<br>Thomas V. Sjoblom, Esq.<br>Scott Balber, Esq.<br>Thomas J. Hall, Esq. | hlgillis@tmgpc.com<br>adwilliams@tmgpc.com<br>donaldvwatkinspc@aol.com<br>tsjoblom@chadbourne.com<br>sbalber@chadbourne.com<br>thall@chadbourne.com |
| Scrushy, Gerald P. | Tom E. Ellis, Esq. | tee@teelaw.com |
| MedCenterDirect.com | MedCenterDirect.Com, Inc., *pro se*<br>3500 Peachtree Road, Suite 1610<br>Atlanta, GA 30326 | |
| Source Medical Solutions, Inc. | James C. Huckaby Jr., Esq.<br>John W. Scott Esq. | jch@hsdpc.com<br>jws@hsdpc.com |
| Capstone Capital Corporation | James L. Goyer, Esq.<br>Alan F. Enslen, Esq.<br>Paula Gebhardt | jgoyer@mcglaw.com<br>aenslen@mcglaw.com<br>pgebhardt@mcglaw.com |
| G G Enterprises | G G Enterprises, *pro se*<br>c/o Gary Gussing<br>865 Woodmere Creek Loop<br>Birmingham, AL 35226 | |

**Appendix 3 Continued**

| | | |
|---|---|---|
| HealthSouth Corporation | J. Michael Rediker, Esq.<br>Thomas L. Krebs, Esq.<br>Michael K.K. Choy, Esq.<br>F. Lane Finch Jr., Esq.<br>Patricia C. Diak, Esq.<br>Peyton D. Bibb, Esq.<br>Lisa M. Rios<br>David B. Anderson, Esq.<br>Julia Boaz Cooper, Esq.<br>Alan M. Warfield, Esq.<br>April S. Rogers, Esq.<br>Edward P. Welch, Esq.<br>Stephen Dargitz, Esq.<br>Edward B. Micheletti, Esq. | jmr@hsy.com<br>tlk@hsy.com<br>mkc@hsy.com<br>flf@hsy.com<br>pcd@hsy.com<br>pdb@hsy.com<br>lmr@hsy.com<br>danderson@walstonwells.com<br>jbcooper@walstonwells.com<br>awarfield@walstonwells.com<br>arogers@walstonwells.com<br>ewelch@skadden.com<br>sdargitz@skadden.com<br>emich@skadden.com |
| Martin, Michael D. | John H. Cooper, Esq.<br>C. Lee Reeves, Esq.<br>Robert W. Fleishman, Esq. | jcooper@sirote.com<br>lreeves@sirote.com<br>rfleishman@steptoe.com |
| Givens, C. Sage<br>Strong, George H.<br>Newhall, Charles W. III<br>Chamberlin, John S.<br>Gordon, Joel C.<br>Striplin, Larry D. Jr. | J. Mark Hart, Esq.<br>Paul C. Gluckow, Esq.<br>Allison R. Kimmel, Esq. | jmh@hsy.com<br>pgluckow@stblaw.com<br>akimmel@stblaw.com |
| Owens, William T. | Frederick Helmsing, Esq.<br>Patrick C. Finnegan, Esq.<br>Carolyn B. Quinn<br>Joy Brewer | fgh@helmsinglaw.com<br>pcf@helmsinglaw.com<br>cbq@helmsinglaw.com<br>mjb@helmsinglaw.com |
| Watkins, Phillip C.<br>Foster, Patrick A.<br>Riviere, Daniel J.<br>Taylor, Larry D. | N. Lee Cooper, Esq.<br>James L. Goyer III, Esq.<br>Patrick Cooper, Esq.<br>Carl Burkhalter, Esq.<br>James R. Bussian, Esq.<br>Amye J. Carle<br>Champ Lyons III, Esq.<br>Peter Q. Bassett, Esq.<br>Betsy Collins, Esq.<br>Susan Hurd, Esq. | lcooper@mcglaw.com<br>jgoyer@mcglaw.com<br>pcooper@mcglaw.com<br>cburkhalter@mcglaw.com<br>jbussian@mcglaw.com<br>acarle@mcglaw.com<br>cl@lyonshorn.com<br>pbassett@alston.com<br>bcollins@alston.com<br>shurd@alston.com |
| Smith, Weston L. | Charles A. Dauphin, Esq.<br>David McKnight, Esq. | cdauphin@bddmc.com<br>dmcknight@bddmc.com |
| Ernst & Young LLP | Henry Simpson, Esq.<br>Steven M. Farina, Esq.<br>Enu Mainigi, Esq.<br>Victoria Radd Rollins, Esq. | henry.simpson@arlaw.com<br>sfarina@wc.com<br>emainigi@wc.com<br>vrollins@wc.com |

**Appendix 3 Continued**

| | | |
|---|---|---|
| UBS Warburg LLC<br>UBS Group<br>UBS Investment Bank | W. Stancil Starnes, Esq.<br>Jay M. Ezelle, Esq.<br>Robin H. Jones, Esq.<br>Robert J. Giuffra, Esq.<br>**Brian T. Frawley, Esq.**<br>Thomas L. Leuba, Esq.<br>Julia M. Jordan, Esq. | sstarnes@starneslaw.com<br>jme@starneslaw.com<br>rhj@starneslaw.com<br>giuffrar@sullcrom.com<br>**frawleyb@sullcrom.com**<br>leubat@sullcrom.com<br>jordanjm@sullcrom.com |
| Beam, Aaron Jr. | Mack B. Binion, Esq.<br>Jeremy Hazelton, Esq. | mbinion@briskman-binion.com<br>jhazelton@briskman-binion.com |
| McVay, Malcolm E. | J. Don Foster, Esq. | jdf@jacksonfosterlaw.com |
| Harris, Emery W. | J. Stephen Salter, Esq. | umstakwit@aol.com |
| Livesay, Kenneth K. | Joseph A. Fawal, Esq. | jfawal@bellsouth.net |