IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
HEALTHSOUTH CORPORATION 2002 DERIVATIVE LITIGATION

| | |
|---|---|
| WADE TUCKER, ET AL.,<br>  PLAINTIFF,<br>v.<br>RICHARD M. SCRUSHY, ET AL.,<br>  DEFENDANTS. | CV 02-5212 AEH<br><br>Modified Order Re Motion To<br>Dismiss Brought by UBS<br><br>Relates to Derivative Suits Only |
| GREENWICH INSURANCE CO.,<br>  PLAINTIFF,<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>  DEFENDANTS. | CV 03-3522 AEH |
| STEVEN R. NICHOLS, ET AL.,<br>  PLAINTIFFS,<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>  DEFENDANTS. | CV 03-2023 AEH |
| FEDERAL INSURANCE COMPANY, ET AL.,<br>  PLAINTIFFS,<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>  DEFENDANTS. | CV 03-2420 AEH |
| JULIAN L. MCPHILLIPS, JR.,<br>  PLAINTIFF,<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>  DEFENDANTS. | CV 03-3845 AEH |
| DENNIS FAMILY TRUST,<br>  PLAINTIFF,<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>  DEFENDANTS. | CV 98-6592 AEH |

Filed In Open Court
This 13th day of July 20 05
Allwin E. Horn III
Circuit Judge
By _____ DEPUTY CLERK

## MODIFIED ORDER DENYING MOTION TO DISMISS BROUGHT BY UBS

WHEREAS, this cause came to be heard on November 10, 2004 on a motion to dismiss filed by defendants UBS Securities LLC, UBS Group, and UBS Investment Bank (hereinafter collectively "UBS");

7/13/05

WHEREAS, UBS's dismissal motion was based on (a) alleged demand failure under Rule 23.1, (b) an outbound forum selection clause in two contracts dated May 2002 and August 2002, (c) time bar arguments, (d) alleged failure to state a claim under Rule 12(b)(6), and (e) alleged failure to plead fraud with the specificity required under Rule 9(b);

WHEREAS, this Court entered a Scheduling Order on May 10, 2004 (the "May Order") setting a briefing schedule for motions to dismiss, including separate consideration of the demand issue under Rule 23.1;

WHEREAS, pursuant to the May Order, the UBS Parties submitted briefs on May 27 and July 16, including arguments on the demand issue;

WHEREAS, by order of July 29, 2004, entitled "Order Denying Motions to Dismiss Based on the Demand Issue" ("Demand Order"), this Court ruled that demand is excused as to all claims and all defendants herein, subject only to the opportunity of UBS and defendant Ernst & Young LLP ("E&Y") to make an additional submission *in the nature of re-argument* of non- redundant material not already argued within a schedule to be set by this Court for motions to dismiss;

WHEREAS, by its Order of August 17, 2004, this Court set a schedule for Motions to Dismiss, including a date for a final submission and oral argument date of November 10 for UBS and E&Y motions to dismiss;

WHEREAS, this Court entered an Order on March 3, 2005 denying UBS's motion to dismiss; and

WHEREAS, on March 23, 2005, UBS brought a motion to reconsider the March 3, 2005 Order based on the following grounds: (a) that in light of the Order's utilization of the words "WITH PREJUDICE," UBS wished this Court to clarify its intent that the Order is without prejudice to any right UBS may have to assert defenses and arguments at a later point in the litigation, including but not limited to a motion for summary judgment; and (b) that the Complaint

2

{B0488988}

should be dismissed against UBS Group and UBS Investment Bank, two non-existent legal entities, that have not been and cannot be properly served with process in this case, as required by Alabama Rule of Civil Procedure 4(c).

This Court has considered the following:

(a) motions, briefs and documents filed by UBS, including its (i) opening brief of May 27, 2004; (ii) transmittal affidavit of W. Stancil Starnes, Esq. dated May 27, 2004, and documents submitted therewith; (iii) its reply brief of July 16, 2004; (iv) letter submission with cases dated October 29, 2004; and (v) letter submission with cases dated November 5, 2004;

(b) briefs and accompanying documents filed by plaintiff, including (i) brief supporting Motion to Expedite Demand Issue dated March 24, 2004, with a transmittal affidavit and documents filed therewith; (ii) answering brief opposing all defendants' motions to dismiss based on demand under Rule 23.1 dated June 18, 2004, with a transmittal affidavit and documents filed therewith; (iii) brief dated June 18, 2004, containing consolidated objections and responses to defendants' motions to dismiss under Rules 9(b) and 12(b)(6); and (iv) letter submission dated October 29, 2004;

(c) briefs and motions filed by other parties defendant as to the demand issue, including (i) a 56 page brief filed by the director and officer defendants encaptioned "Memorandum in Support of Their Motion to Dismiss the 3rd and 4th Amended Complaints for Failure to Make a Demand..." dated May 27, 2004 (the "D&O Demand Brief"), and (ii) a brief of E&Y dated July 16, 2004, incorporating by reference the D&O Demand Brief, arguing the demand and standing issues, and urging this court to decide them;

(d) oral arguments before this Court of July 16, 2004 (morning session on demand issue) and November 10, 2004 (this motion);

3

{B0488988}

(e) all orders of this Court herein, including but not limited to (i) the Co-ordination Order of July 14, 2003, (ii) the Demand Order, (iii) Order Denying Motion to Amend, Realign and Substitute dated July 29, 2004;

(f) the pleadings herein, including (i) Plaintiff's Third Amended Complaint and Fourth (Supplemental) Amended Complaint, and (ii) Nominal Defendant HealthSouth's Answer filed May 28, 2004; and

(g) UBS's Motion to Reconsider the Court's March 3, 2005 Order denying UBS's Motion to Dismiss.

NOW THEREFORE, IT IS ORDERED AND HELD THAT

1. This Court's prior Order of March 3, 2005 denying UBS's Motion to Dismiss is hereby withdrawn and this Order is substituted in its place;

2. UBS's motion to dismiss insofar as it is based on demand under Rule 23.1 is DENIED, and anyone of the following reasons independently supports this denial;

(a) the Corporation's repeated pleading of neutrality on the demand issue in its Answer[1] excused demand as a matter of law as to all defendants herein, without exception, under the principle of Kaplan v. Peat Marwick. Mitchell & Co., 540 A.2d 726 (Del. 1988); and

(b) Tucker's Third Amended complaint adequately pleads that the following directors were independence impaired and/or not disinterested - Directors Scrushy, Owens, Striplin, Gordon, Chamberlin, Newhall, Givens, Watkins, May and Hanson, and thus demand is excused as to all claims pled to date against all defendants, without exception.

---

[1] See Ans.,¶¶ 130, 131, 132, 133, 134, 134(a), 134(b); 134(c); 134(d), 134(e), 134(f), 134(g), 134(h), 134(i), 134(j), 134(k), 135, 136, 137, 254. Several of the corresponding paragraphs in the Complaint mention demand excusal with respect to UBS. E.g., Compl., ¶¶ 133, 134(e), 134(f), 134(j), and 135. Others refer generally as to all claims and all defendants, and these too drew a pleading of neutrality. E.g., Compl. ¶¶ 131, 134(a), 134(b), 137, and 254. The Corporation's Answer, in its preamble at page 3, indicates that all references to the board of directors refer to the board as it existed on August 8, 2003, the relevant date for demand excusal as to UBS.

3. UBS's motion to enforce an outbound choice-of-forum provision in two agreements between UBS and HealthSouth dated May 2002 and August 2002 is DENIED for the following reasons:

(a) As the contract claims herein against UBS are inextricably intertwined with the other claims against UBS as well as other claims against other parties, being based on the same nucleus of operative facts, it would be seriously inconvenient and unreasonable to send off one smaller part of this case to New York while retaining most of it here. Ex Parte Leasecomm v. Galaxy Mall, 2003 WL 22753454 (Ala. Nov. 21, 2003);

(b) There is a strong policy of the State of Alabama against splitting causes of action, and that is what would occur if the contract claims were sent off to New York. Galaxy Mall, *supra*; and

(c) Enforcing the outbound forum selection clause would upset the carefully crafted co-ordination orders in effect in three jurisdictions regarding the case management of these complex derivative suits, including the Co-ordination Order of July 14, 2003 herein, and would result in duplicative discovery and trial. Teachers' Retirement System v. Scrushy, 2004 WL 423122 (Del.Ch. Mar. 2004).

4. UBS's motion to dismiss based on a time-bar argument is DENIED, based on the following reasons:

(a) Tucker's complaints adequately plead the basis of the claims against UBS and any statute of limitations issues can be adequately addressed on Summary Judgment after discovery has occurred.

(b) Regarding the fraud claims asserted by Tucker, a "claim for fraud accrues at the time of the discovery of facts which would have led a person of ordinary prudence to a discovery of the fraud. The questions of when a party discovered or should have discovered fraud which

5

{B0488988}

would toll the statue of limitations is generally for the jury. A dismissal based on the statute of limitations is proper only if, from the face of the complaint, it is apparent that the tolling provisions do not apply." Holway v. Wanschek, 690 So. 2d 429, 434 (Ala.Civ.App. 1997). It is not clear from the face of Tucker's complaint that the fraud could have been discovered before the scandal broke in March 2003, and these issues can be addressed on Summary Judgment.

5.   UBS's motion to dismiss for failure to state a claim based on Rule 12(b)(6) is DENIED. Plaintiff has adequately stated claims against UBS based on five legal theories, namely (a) aiding and abetting breaches of fiduciary duty by the director and officer defendants, a Delaware tort sometimes called "civil conspiracy,"[2] (b) direct breaches of fiduciary duty by UBS, (c) the tort of suppression, (d) unjust enrichment, and (e) breaches of contract. This Court finds that Tucker has stated these claims against UBS with adequate specificity as required by the Rules of Court, particularly Rule 12(b)(6). This Court has some misgivings as to whether Tucker will be able to support the allegation that UBS was a direct fiduciary (Item b), as the tort of aiding and abetting (Item a) at any point in time presupposes that UBS is not a fiduciary at that point in time; however, this is an acceptable instance of pleading in the alternative. It would be imprudent to dismiss the direct fiduciary theory at this time, and it may be addressed later at the summary judgment stage after discovery has occurred.

6.   UBS's motion to dismiss based on failure to plead causes of actions depending on fraud with specificity under Rule 9(b) is DENIED. This Court concludes plaintiff Tucker has pled all allegations of fraud and fraudulent acts with adequate specificity to meet the pleading requirements of Rule 9(b).

---

[2] This Court notes the recent derivative case of In Re eBay S'holders Litig., 2004 WL 253521 (Del.Ch. 2004), wherein a claim of aiding and abetting the breach of fiduciary duty asserted against a Delaware corporation's investment banker was upheld over a motion to dismiss.

7.  UBS's motion to dismiss with respect to non-entity defendants UBS Group and UBS Investment Bank is GRANTED. In the event discovery reveals that either UBS Group or UBS Investment Bank is a legal entity, however, plaintiff's right to seek leave for their readdition as defendants is hereby reserved.

8.  UBS's motion to dismiss in all other respects is DENIED.

9.  UBS is therefore ordered to file an answer in accordance with the Rules of Court.

DONE and ORDERED this 13th day of July, 2005.

_____
ALLWIN E. HORN, III
Circuit Judge

AEH/ca

cc: COPIES OF THIS ORDER ARE BEING PROVIDED TO ALL STEERING COMMITTEE COUNSEL WITH DIRECTIONS THAT SAID COUNSEL FURTHER DISTRIBUTE THIS ORDER TO ALL PARTIES IN THEIR PRESPECTIVE GROUP. And, copy to: The Honorable Karon O. Bowdre, U.S. Federal Judge, Hugo Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, AL 35203

{B0488988}