

STARNES &
ATCHISON LLP
ATTORNEYS AT LAW

**W. Stancil Starnes**
P.O. Box 598512
Birmingham, AL 35259
Direct Dial: (205)868-6014
Facsimile: (205)868-6099
E-mail: wss@starneslaw.com

November 5, 2004

**VIA HAND DELIVERY**

Honorable Allwin E. Horn, III
Circuit Court Judge
Jefferson County Courthouse
Room 350-JCC
716 North Richard Arrington Jr. Blvd.
Birmingham, Alabama 35263

> **Re:    *Tucker v. Scrushy, et al.***
> **In the Circuit Court of Jefferson County, Alabama**
> **Civil Action No.: CV-02-5212**

Dear Judge Horn:

This letter responds to the letter brief submitted to Your Honor by plaintiff's counsel, Frank DiPrima, on October 29, 2004 (the "October 29, 2004 Brief"). Contrary to proper practice, plaintiff's counsel did not respond to many of the arguments stated in UBS Securities LLC's ("UBS's") Motion to Dismiss (the "Opening Brief"). After having failed to do so, Mr. DiPrima now attempts to do so through an unauthorized letter to the Court.

Mr. DiPrima claims that the October 29, 2004 Brief was authorized by Your Honor at the July 26, 2004 hearing and the Court's August 17, 2004 order. At the July 26, 2004 hearing, however, the Court merely told plaintiff's counsel to "show me something where UBS made a knowing waiver [of the contractual forum selection clause] or created a knowing judicial estoppel, then I would be happy to look at that. But from what I have read, I have some doubts about that." (July 26, 2004 Hearing Transcript at 20). In the October 29, 2004 Brief, Mr. DiPrima simply reiterates, in two of its fifteen pages, the same arguments that he previously made on this issue to the Court at the July 26, 2004 hearing and in plaintiff's Opposition briefs. Similarly, the Court's August 17, 2004 order authorized only the parties to submit a "select few cases with cover letter framing the exact points for which the cases are being cited." Because the October 29, 2004 Brief was submitted by plaintiff without leave of court, notice to UBS, or providing UBS time to

100 BROOKWOOD PLACE
POST OFFICE BOX 598512
BIRMINGHAM, ALABAMA 35259-8512
205.868.6000                www.starneslaw.com

RIVERVIEW PLAZA, SUITE 1106
63 S. ROYAL STREET
MOBILE, ALABAMA 36602
251.433.6049

Hon. Allwin E. Horn                                                                    -2-

adequately respond prior to the November 10, 2004 hearing, UBS respectfully requests that this brief be stricken.

## 1.    Contract Claims Are Barred by the Forum Selection Clause

As explained by UBS in the Opening Brief, the financial advisory services provided by UBS to HealthSouth were governed by engagement letters with New York forum selection clauses. (See Opening Brief at 4, n. 6). Because plaintiff failed to specify *any* contract upon which his purported contract claims against UBS are based, UBS submitted an exemplary Engagement Letter, dated August 7, 2002. (Id.).

Plaintiff now claims, for the very first time, that the August 7, 2002 exemplary agreement is irrelevant because it is "dated after almost all of the complained-of conduct took place and [is] not retroactive." (October 29, 2004 Brief at 6-7). Plaintiff, however, fails to specify, as he is required, *any* contract that UBS allegedly breached that pre-dates that agreement, let alone a contract bearing on UBS's advisory obligations to HealthSouth that does not include a forum selection clause. Instead, plaintiff simply refers the Court to his general allegation that UBS advised HealthSouth "on a wide array of financial and transactional matters from at least 1998 through 2002." (October 29, 2004 Brief at 7). In an apparent attempt to overcome this pleading deficiency, plaintiff then references allegations that have nothing to do with his contractual claims concerning the provision of financial advisory services by UBS to HealthSouth, but instead relate to UBS's equity research. (Id.).

Plaintiff's other arguments against the enforcement of the forum selection clauses of the Engagement Letters are cumulative of the arguments in the Opposition briefs and, like his earlier arguments, provide no justification to overcome Alabama's strong presumption in favor of enforcing forum selection clauses. See Ex parte Rymer, 860 So.2d 339, 341 (Ala. 2003) ("In order to demonstrate that the chosen forum is seriously inconvenient, the party challenging the clause must show that a trial in that forum would be so gravely difficult and inconvenient that the challenging party would effectively be deprived of his day in court."); Ex parte CTB, Inc., 782 So.2d 188, 191 (Ala. 2000) ("Because it is a difficult burden to defeat a forum selection clause, such clauses will usually be enforced." (internal citation omitted)).

The single case cited by plaintiff in support of his argument that New York is a "seriously inconvenient" forum, Galaxy Mall, is inapposite. *First*, the movants in that case, sophisticated corporations, were the perpetrators of a fraudulent scheme who sought to enforce two boilerplate forum selection clauses against individual Alabaman plaintiffs. Ex parte Leasecomm Corp., 2003 WL 22753454, at *1-*3 (Ala. Nov., 21, 2003). Here, sophisticated parties entered into arms-length contracts that clearly identified New York as the exclusive forum for adjudication of claims between UBS and HealthSouth. In contrast to Galaxy Mall, there are no allegations here that the underlying agreements themselves, or the forum selection clauses contained therein, were

Hon. Allwin E. Horn                                                                                                    -3-

fraudulently induced or that HealthSouth did not knowingly agree to their terms with the advice of able counsel.

*Second*, the trial court in Galaxy Mall found, and the Supreme Court affirmed, that "the [forum selection] clauses effectively deny [plaintiff] and remaining Alabama customers . . . their day in Court," because "all potential class members and material witnesses to the alleged fraud are located in Alabama" making Massachusetts or Utah "seriously inconvenient for a trial of this matter." Id., at *3. Mr. DiPrima's wholesale reliance on Galaxy Mall strains credibility given that all of UBS's witnesses and documents are located in New York and nearby Connecticut, and that the New York courthouses are located a mere 30 miles from Mr. DiPrima's office. See O'Brien Engineering Company, Inc. v. Continental Machines, Inc., 738 So.2d 844, 846 (Ala. 1999) (holding the chosen forum -- Minnesota -- "not unreasonable or seriously inconvenient, because Minnesota is the home state of [defendant], several witnesses live and work in Minnesota, and a substantial number of the documents in the case are located in Minnesota").

*Third*, plaintiff's assertion that the forum selection clause is invalid because his contract claims against UBS are "inextricably intertwined" with his claims against the other parties should be summarily dismissed. In fact, plaintiff has consented to the arbitration of his claims against E&Y and those claims are intertwined no less than his claims against UBS.

*Finally*, plaintiff's estoppel and waiver arguments are the same arguments that were raised by plaintiff at the July 26, 2004 hearing and in the Opposition briefs, and that the Court has previously expressed reservations about. In *Teachers' Retirment System of Louisiana v. Scrushy*, UBS merely advocated that the issues raised in UBS's motion to dismiss – including the enforcement of the forum selection agreement (which would have been raised in the Delaware court) – be adjudicated in a single forum, to avoid duplicative litigations. By advocating for the resolution of the enforceability of the forum selection agreement before this Court, UBS has not conceded the merits of plaintiff's choice of forum.

### 2.    Claims Against UBS Based on Events Prior to August 8, 2001 Are Time-Barred

Tellingly, the October 29, 2004 Brief simply does not address the Amended Complaint's failure to allege the time and circumstances of discovery of the alleged fraud. Instead, plaintiff asserts that "it is obvious that the matter remained concealed by all of its participants. . . ." (October 29, 2004 Brief at 13). Under Alabama law, however, the "*complaint* must contain the time and circumstances of discovery of the alleged fraud to toll the running of the statute of limitations period." Smith v. National Sec. Ins. Co., 860 So.2d 343, 345 (Ala. 2003) (emphasis added). Not only has plaintiff failed to meet this standard, he has failed to even allege any facts showing that UBS fraudulently concealed any fraud at HealthSouth; in fact, plaintiff has yet to allege facts suggestive that UBS was anything other than a victim of that fraud.

Hon. Allwin E. Horn                                                                                    -4-

With respect to his fiduciary duty claim, plaintiff alleges, for the first time in the October 29, 2004 Brief, that the statute of limitations for this claim did not begin to run until the fiduciary relationship ended. However, this allegation nowhere appears in the Amended Complaint, not in plaintiff's opposition to the motion to dismiss. Moreover, even if such an exception exists, it has no application here because UBS was not a fiduciary to HealthSouth – UBS was neither a trustee nor a corporate officer or director of HealthSouth, and the agreements governing UBS's investment banking relationship with HealthSouth plainly did not create a fiduciary duty.[1] As for the aiding and abetting claim, plaintiff has failed to cite to a single authority to support the tolling of an aiding and abetting a fiduciary duty claim until the fiduciary's duty terminates.

### 3.      Claims Against UBS Lack Specificity

The October 29, 2004 Brief also does not address the specificity of plaintiff's non-contract claims. Instead, the plaintiff simply cites Newson v. Protective Industrial Ins. Co. of Alabama, a case which simply reiterates the general standard for dismissal under Ala. R. Civ. Pr. 12(b)(6). 2003 WL 22463336, at *4 (Ala. Oct. 31, 2003). The crux of UBS's argument on this issue, however, is that plaintiff's non-contract claims are clearly subject to, and do not meet the heightened pleading requirements of, Ala. R. Civ. Pr. 9(b). (See Opening Brief at 14-15).[2]

### 4.      The Court is Entitled to Consider the Documents Submitted by UBS

Contrary to plaintiff's claims, the Court may properly consider the exhibits submitted by UBS in support of its motion to dismiss, without conversion to a motion for summary judgment, because the exhibits are referenced and/or central to the Amended Complaint. See Newson, 2003 WL 22463336, at *1; Donoghue v. American Nat'l Inc. Co., 838 So.2d 1032, 1035 (Ala. 2002).

*      *      *      *      *

Finally, despite Mr. DiPrima's attempt to submit yet another brief in opposition to UBS's motion to dismiss, plaintiff has once again failed to even superficially address many of UBS's

---

[1]      See Opening Brief, at 22-23. Murray v. Sevier, cited by Mr. DiPrima, is inapposite on this issue because the defendants in that case that were found to be "in an analogous position of responsibility" were not independent third parties, but present and former officers of an unincorporated association. 993 F. Supp. 1394, 1404 (M.D. Ala. 1997).

[2]      Mr. DiPrima's reference to In re eBay S'holders Litig. actually highlights plaintiff's failure to allege its fraud-based claims against UBS with sufficient particularity, since in that case the facts alleged in the complaint against eBay's investment banker and financial advisor were recited with meticulous detail by Vice Chancellor Candler. 2004 WL 253521, at *1 (Del. Ch. Feb. 11, 2004).

Hon. Allwin E. Horn                                                                              -5-


grounds for dismissal, including: (1) failure to allege any legally cognizable injury by virtue of any conduct or omission by UBS; (2) failure to state a claim for aiding and abetting, civil conspiracy and suppression; and (3) dismissal based on the *in pari delicto* and unclean hands doctrines.


                              Sincerely,

                              STARNES & ATCHISON LLP


                              *W Stancil Starnes* /kHJ

                              W. Stancil Starnes



cc:      Counsel of Record