IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION ) | |
| SECURITIES LITIGATION, ) | Master File No. CV-03-BE-1500-S |
| ) | Consolidated Cases CV-03-BE-1501-S |
| ) | CV-03-BE-1502-S |

## DISCOVERY ORDER NO. 5

The court conducted a telephonic conference with the parties to address an issue related to the production by HealthSouth of some 100 million pages of documents related to HealthSouth's reconstruction and restatement of its financial statements for the time period 1996 to 2002. The court has received correspondence from the parties relating to this issue, and that correspondence will be made part of the record in this case.

At issue is the recent production by HealthSouth of about 100 million pages of documents generated largely by Grant Thornton and Callaway Partners as part of the reconstruction and restatement of HealthSouth's financial statements. These work documents were left by Grant Thornton and Callaway Partners on HealthSouth's "S" server. Upon discovery, HealthSouth copied the documents onto 4 hard drives, which were delivered to Encore in August 2007 for processing and uploading into the agreed document repository. In September, HealthSouth discovered that, due to the volume of documents on the hard drives, the processing by Encore could cost as much as $1 million. At the point, HealthSouth instructed Encore to cease processing the documents for upload. By then, some 24 to 25 million documents were already processed and uploaded, and another approximately 25 million were almost complete and ready for uploading. Recently, HealthSouth instructed Encore to complete processing and uploading of the 25 million that were almost ready

when processing stopped in September. Today, about one-half, or 50 million, of the documents have been uploaded onto Encore and are being reviewed by defendants.

Defendants seek a thirty-day delay in discovery to give them time to review the documents. As part of that review, they ask that HealthSouth deliver to defendants a copy of the 4 hard drives because searching the data on hard drives is faster and more efficient that reviewing the data on Encore.[1] Finally, defendants contend that the thirty-day extension should begin only upon delivery of the hard drive copies to them. Counsel for HealthSouth has explained that the 4 hard drives contain 6 data sets, two of which contain documents dated after July 1, 2005. HealthSouth insists that these latter two data sets be filtered to remove post-July 1 documents before they are delivered to defendants, and that some or all of the costs of the filtering process be borne by the defendants. The court does not address in this order the question of who or how the costs of filtering shall be paid.[2]

It is imperative that the document production move forward as quickly as possible. Accordingly, it is hereby ORDERED as follows:

1. Because there are at least two hard drives that contain the four data sets on which there is no "filtering" issue, there is no reason these hard drives could not be copied and produced to defendants immediately. HealthSouth and the parties in this action shall take such steps as are necessary to cause a copy of the hard drives containing the four data sets *not* subject to a date-

---

[1] Defendants have agreed to pay the costs associated with making copies of the 4 hard drives.

[2] Additionally, this Order does **not** instruct any party to direct or advise Encore to continue processing the remaining 50 million pages of documents for uploading into the repository. Whether that will be necessary in the future will be subject to further consideration and orders by the court at a later time.

filtering issue to be produced and delivered to defendants for review by not later than Friday, December 28, 2007.

2. Because counsel for HealthSouth advised the court that date filtering the remaining two data sets could take one to two weeks, HealthSouth and the parties in this action shall take such steps as are necessary to cause a copy of the hard drives containing the two remaining data sets subject to a date-filtering issue to be produced and delivered to defendants for review by not later than Monday, January 7, 2008. HealthSouth may elect to proceed with such filtering (or not, as it chooses), so long as the copied hard drives are delivered to defendants for review by the date required.

3. The taking of depositions shall be STAYED for a period of thirty days, commencing Friday, December 28, 2007, and expiring automatically at 8:00 a.m., CST, on Monday, January 28, 2008. Notwithstanding the stay, any party may petition the court for leave to proceed with particular depositions during the stay period upon a showing of good cause to do so. The parties may continue, during the stay period, to notice and schedule depositions to be taken *after* the expiration of the stay. To the extent that the parties have agreed upon a sequence or order for the taking of depositions, that sequence and order shall remain in effect after the expiration of the stay, unless, upon a showing of extraordinary circumstances by any party, the court modifies the sequence or order.

DONE this 18th day of December, 2007.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

3