UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION ) | Master File No. ) CV-03-BE-1500-S |
| This Document Relates To: All Actions ) | |
| In re HEALTHSOUTH CORPORATION STOCKHOLDER LITIGATION ) | Consolidated Case No. ) CV-03-BE-1501-S |
| This Document Relates To: All Actions ) | CLASS ACTION |
| In re HEALTHSOUTH BONDHOLDER LITIGATION ) | Consolidated Case No. ) CV-03-BE-1502-S ) CLASS ACTION |
| This Document Relates To: All Actions | |

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
(HEALTHSOUTH CORPORATION 2002 DERIVATIVE LITIGATION)

| | |
|---|---|
| WADE TUCKER, derivatively for the Benefit of and on behalf of the Nominal Defendant HealthSouth Corporation,    Plaintiff, v. RICHARD M. SCRUSHY, et al.,    Defendants. | CIVIL ACTION NO. CV-02-5212 |
| UBS SECURITIES LLC,    Counterclaim Plaintiff, v. HEALTHSOUTH CORPORATION,    Counterclaim Defendant. | |

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| *In the Matter of Arbitration between:* WADE TUCKER, Derivatively, for the benefit of and on behalf of HEALTHSOUTH CORPORATION, a dual citizen of Alabama and Delaware,    Claimant, v. ERNST & YOUNG LLP, a citizen of Delaware,    Respondent. | AAA Case No. 30 107 Y 567 06 |
| ERNST & YOUNG LLP, Claimant, v. HEALTHSOUTH CORPORATION,    Respondent and Counterclaimant. | |

## STIPULATED CONFIDENTIALITY AGREEMENT

IT IS HEREBY STIPULATED AND AGREED, by and among the parties to the above-referenced actions, through their undersigned counsel, that the following provisions of this Stipulated Confidentiality Agreement (the "Agreement") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information produced or provided in the above-referenced actions ("Discovery Materials").

1. When used in this Agreement, the word "document" shall have the meaning under Rule 34 of the Federal and Alabama Rules of Civil Procedure and shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies, duplicates, or abstracts thereof, including, but not limited to, notes on documents. A party, person, or entity that produces or discloses Discovery Materials in connection with these actions shall be referred to herein as the "Disclosing Party."

2. All Discovery Materials produced or disclosed in the above-referenced actions ("Actions") shall be used solely for the prosecution or the defense (including any appeal therefrom) of the Actions, and shall not be used for any other purpose. Any person or entity in possession of Confidential Discovery

Materials (as defined below) shall maintain those materials in a reasonably secure manner so as to avoid disclosure of their contents.

3.  When used in this Agreement, the word "Tribunal" shall refer to the Northern District of Alabama for those parties in *In re HealthSouth Corporation Securities Litigation*, CV-03-BE-1500-S; Jefferson County Circuit Court for those parties in *Wade Tucker v. Richard Scrushy, et al.*, CV-02-5212; and the AAA Panel for those parties in *HealthSouth Corporation v. Ernst & Young LLP*, AAA Case No. 30 107 Y 567 06. The Parties to this Agreement shall jointly seek entry of this Agreement as an Order in the respective Actions. Notwithstanding such efforts, the Agreement shall be effective from the date it is executed by all Parties.

4.  Any Discovery Materials produced or disclosed in connection with these Actions by a Disclosing Party which constitutes, includes, contains, refers or relates to either: (1) trade secret or other confidential, research, development or commercial information that may be subject to a protective order under F.R.C.P. 26(c)(7) or Ala. R. Civ.P. 26(c)(7) or (2) confidential, non public personal information concerning individuals such as social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical credit and banking information may be designated "Confidential" by the Disclosing Party. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials." The Parties further agree that the

designation of any Discovery Material as Confidential is not intended to and shall not be construed as an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

5. The confidential designation set forth in paragraph 4 of this Agreement may be made at or prior to the time of production of documents by stamping or otherwise marking the Discovery Materials as "Confidential" on each page of the Confidential Discovery Materials to be deemed confidential, or, in the case of depositions, as provided in paragraph 6 below. Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice. If such notice is given, all documents, materials or testimony so designated shall be subject to this Agreement as if they had been initially designated as Confidential to the extent that such documents, materials or testimony fall within the definition of the Confidential Discovery Materials, provided, however, that the foregoing provision shall not apply to any documents that had already otherwise become publicly available. The inadvertent production of any document or information during discovery in these actions shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, and no party shall have waived any claims or arguments under the inadvertent

production doctrine. If a Disclosing Party believes that a privileged document was inadvertently produced, the Disclosing Party at any time shall provide notice in writing to the other parties directing that such inadvertently disclosed material and all copies thereof be segregated and not used. Within five business days of the receipt of such notice, the party to whom the document was produced shall segregate and not use all copies of any such privileged material and notify the Disclosing Party in writing whether it objects to the designation of such material as privileged. Within five business days of such objection, the objecting party and the Disclosing Party shall meet and confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the objecting party may apply to the Court within fifteen business days of service of the objection for a ruling on the Disclosing Party's claim of privilege.

6. A Disclosing Party may designate as confidential any portion of a deposition transcript deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Discovery Material either orally at the deposition or in writing no later than ten business days after receipt of a deposition transcript. During such ten-day period, the parties shall treat the entire transcript as Confidential. The reporter shall mark "CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions thereof designated as such. At

the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Discovery Material. Copies of the transcript for counsel's use may contain both the confidential testimony and other testimony in a single volume.

7.  Any party receiving Confidential Discovery Materials may disclose or make available such information only to the following persons:

(a) the Tribunal, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(b) the named parties and/or court-appointed class representatives in these Actions (including in-house counsel, officers, directors and employees of the named parties);

(c) outside counsel for the named parties to these Actions;

(d) court reporters transcribing depositions or testimony in these Actions;

(e) persons who are indicated on the face of the document to have been authors or recipients of the Confidential Discovery Materials;

(f) any outside expert or advisor retained or consulted by any party in connection with these Actions;

(g) any person who is a fact witness or potential fact witness (and counsel for such witness) to the extent reasonably necessary in connection

with their testimony in these Actions or the preparation thereof; provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Materials;

(h) outside photocopying, data processing, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in these Actions and computer personnel performing duties in relation to a computerized litigation system.

(i) any mediator or arbitrator engaged by the named parties to the Actions; and

(j) other persons only after notice to all parties and upon order of the Tribunal, or upon written consent of the producing party.

8. The terms "counsel," "expert," "advisor," and "investigator" include their staff who are assigned to and necessary to assist such counsel, expert, advisor, or investigator in the preparation of this litigation.

9. All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 7(f), 7(g), or 7(h) as applicable above shall, prior to disclosure, be advised of the contents of this Agreement and that the Confidential Discovery Materials are being disclosed pursuant to the terms of this Agreement and may not be disclosed other than pursuant to the terms thereof. All persons to whom Confidential Discovery Materials are disclosed solely pursuant to

subparagraph 7(f) shall be required to execute a certification evidencing the agreement in the form attached as Exhibit A.

10. In the event that counsel for any party or non-party determines to file in or submit to a Tribunal any Confidential Discovery Materials, information derived therefrom, or any papers containing or making reference to such information, the pages containing such Confidential Discovery Materials shall be filed only in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of the relevant action and which shall clearly bear the stamp "CONFIDENTIAL." All materials filed under seal shall be available to the Tribunal and to counsel for the parties for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Tribunal that such document is not confidential and need not be preserved under seal. Redacted pages shall be filed in the public record.

11. If, at any time, any Discovery Materials governed by this Agreement are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed, to the extent permitted by law, shall promptly give written notice and include a copy of the subpoena or request to the Disclosing Party. The person to whom the subpoena is directed also shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of

time in which to seek to quash the subpoena, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena.

12.     If, at any time, a party objects to a designation of Discovery Materials as confidential under this Agreement, the objecting party shall notify the Disclosing Party in writing.  Within five business days of the receipt of such written notice, counsel for the Disclosing Party and the objecting party shall meet-and-confer in an effort to resolve their differences.  If the parties cannot resolve their disagreement, the Disclosing Party may apply within fifteen business days from the date of service of the objection for a ruling on the Disclosing Party's designation of the Discovery Materials as confidential.  While any such application is pending, the documents or materials subject to that application will remain confidential until the Tribunal rules.  If the Disclosing Party does not apply to the Tribunal for a ruling on its designation of Discovery Materials as confidential within fifteen business days from the date of service of the objection (regardless of whether parties met and conferred on the subject), the Discovery Materials will no longer be deemed confidential.  The Disclosing Party shall have the burden of showing that the document or information is confidential under Rule 26(c). Nothing in this Agreement shall be construed as preventing any party from

objecting to the designation of any documents as confidential or preventing any party from seeking further protection for any material it produces in discovery.

13. Within sixty days after entry of an Order finally terminating these Actions, including all appeals, copies of all Confidential Discovery Materials shall either be destroyed or upon request of the Disclosing Party, returned to the Disclosing Party, at the Disclosing Party's expense. This obligation shall not apply to pleadings, motions, briefs, supporting affidavits and other court filings, or attorney work product, correspondence, transcripts or Tribunal opinions and orders (although the restrictions imposed herein continue to apply to such retained documents).

14. This Agreement shall not be construed to affect in any way the admissibility of any document, testimony or other evidence at trial or hearing of these Actions.

15. Each party shall have the responsibility, through counsel, to advise the Disclosing Party of any losses or compromises of the confidentiality of information or documents governed by this Agreement. It shall be the responsibility of the party that lost or compromised the Confidential Discovery Materials of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

16.     Nothing in this Agreement shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials or information that have been designated as confidential pursuant to this Agreement. In addition, nothing in this Agreement shall prevent or in any way limit disclosure, use or dissemination of any documents or information that are in the public domain. Finally, this Agreement shall not prejudice in any way the rights of any party to introduce into evidence at trial any document testimony or other evidence subject to this Agreement, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Agreement.

17.     Any non-party producing Discovery Materials in these Actions may be included in this Agreement by endorsing a copy of this Agreement and delivering it to the requesting party who, in turn, will file it with the Tribunal and serve it upon counsel for the other parties. The parties to this action may designate Discovery Materials produced by other parties or non-parties as Confidential in accordance and consistent with the terms and provisions of this Agreement.

18.     In the event that additional persons become parties to these Actions, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Disclosing Party until the newly-joined parties or their

counsel confirm in writing to all other parties that they have read this Agreement and agree to be bound by its terms.

19.     This Agreement shall not prevent any party from applying to the Tribunal for further or additional protective orders, for the modification of this Agreement, or from agreeing with the other parties to modify this Order, subject to approval of the Tribunal.

**Consented and agreed to by:**

*[signature]*   *[signature]*

David J. Guin (ASB-3461-g67d)
David R. Donaldson
Tammy McClendon Stokes
DONALDSON & GUIN, LLC
505 20th Street North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 226-2282
Fax: (205) 226-2257

*Counsel for Bondholder Plaintiffs
and the Bondholder Class*

Robert T. Cunningham Jr.
John T. Crowder, Jr.
CUNNINIGHAM, BOUNDS,
YANCE, CROWDER &
BROWN, LLC
1601 Dauphin Street
P.O. Box 66705
Mobile, Alabama 36660
Telephone: (251) 471-6191
Fax: (251) 479-1031

Max W. Berger
John P. Coffey
Jeffrey N. Leibell
Beata Gocyk-Farber
Alyson Bruns
BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Fax: (212) 554-1444

*Attorneys for Bondholder Plaintiffs
and Co-Lead Counsel for the*

W. Stancil Starnes (ASB-1922-E57W)
W. Michael Atchison (ASB-4005-T75W)
Jay M. Ezelle (ASB-4744-Z72J)
Robin H. Jones (ASB-0769-R51J)
STARNES & ATCHISON LLP
100 Brookwood Place, Seventh Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000

*Counsel for UBS AG, UBS Securities
LLC, PaineWebber Incorporated,
Howard Capek, Benjamin D. Lorello
and William C. McGahan*

Robert J. Giuffra, Jr.
Brian T. Frawley
Julia M. Jordan
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

*Counsel for UBS AG, UBS Securities
LLC, PaineWebber Incorporated,
Howard Capek, Benjamin D. Lorello
and William C. McGahan*

Helen Gredd
LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue
New York, NY 10110
Telephone: (212) 921-8399

*Counsel for William C. McGahan*

13

*Bondholder Class*

_____
Joe R. Whatley, Jr.
Russell Jackson Drake
G. Douglas Jones
Othni J. Lathram
WHATLEY DRAKE, LLC
2323 Second Avenue North
Birmingham, AL 35203
Telephone: (205) 328-9576
Fax: (205) 328-9669

Robert R. Riley, Jr.
RILEY & JACKSON, P.C.
1744 Oxmoor Road
Birmingham, AL 35209
Telephone: (205) 879-5000
Fax: (205) 879-5901

*Co-Liaison Counsel for Co-Lead Plaintiffs*

Keith F. Park
William S. Lerach
Patrick J. Coughlin
James A. Caputo
Jonah H. Goldstein
Debra J. Wyman
Jennifer Lai
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Fax: (415) 288-4534

Thomas Fitzpatrick
LAW OFFICES OF THOMAS FITZPATRICK
500 Fifth Avenue, 33rd Floor
New York, New York 10110
Telephone: (212) 930-1290

*Counsel for Howard Capek*

_____
Henry E. Simpson
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 250-5000

Steven M. Farina
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005
Telephone: (202) 434-5000

Bruce Braun
Dan Webb
WINSTON & STRAW LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600

*Attorneys for Ernst & Young LLP*

_____
David G. Russell
PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
Telephone: (404) 420-5545

14

_____
Thomas A. Dubbs
Lawrence A. Sucharow
James W. Johnson
Christopher J. Keller
Joseph A. Fonti
LABATON SUCHAROW &
RUDOFF LLP
100 Park Avenue, 12th Floor
New York, NY 10017-5563
Telephone: (212) 907-0700
Fax: (212) 818-0477

*Co-Lead Counsel for Co-Lead Plaintiffs*

_____
John Q. Somerville, Esq.
Ralph D. Cook, Esq.
John W. Haley, Esq.
Bruce, J. McKee, Esq.
Steve P. Gregory, Esq.
Frank DiPrima, Esq.
Ronald A. Brown, Esq.
Edward F. Haber, Esq.
Robert C. Schubert, Esq.
Juden Justice Reed, Esq.
Arthur L. Schingler, Esq.

*On Behalf of Plaintiff Wade Tucker and Wendell H. Cook Testamentary Trust*

_____
Donald V. Watkins, Esq.
Kile T. Turner, Esq.

*On Behalf of Richard Scrushy*

_____
Julia Boaz Cooper, Esq.
David Hymer, Esq.
Anne Marie Seibel, Esq.
Hope Cannon, Esq.

*On Behalf of HealthSouth Corp.*

_/s/ Alan F. Enslen_
James L. Goyer III
Alan F. Enslen
John Thomas A. Malatesta III
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama  35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

*Counsel for Capstone Capital Corporation (now known as HR Acquisition I Corporation)*

_/s/ Alan F. Enslen_
James L. Goyer III
Alan F. Enslen
John Thomas A. Malatesta III
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

*Counsel for Capstone Capital Corporation
(now known as HR Acquisition I Corporation)*


_/s/ James W. Parkman, III_
James W. Parkman, III
Richard Martin Adams
THE COCHRAN FIRM
505 North 20th Street, Suite 825
Birmingham, AL 35203
Telephone: (205) 244-1115
Facsimile: (205) 244-1171

*Counsel For Richard Scrushy*

16

Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | ) Master File No. <br> ) CV-03-BE-1500-S |
| This Document Relates To: All Actions | ) |
| In re HEALTHSOUTH CORPORATION STOCKHOLDER LITIGATION | ) Consolidated Case No. <br> ) CV-03-BE-1501-S |
| This Document Relates To: All Actions | ) CLASS ACTION |
| In re HEALTHOUTH BONDHOLDER LITIGATION | ) Consolidated Case No. <br> ) CV-03-BE-1502-S <br> ) CLASS ACTION |
| This Document Relates To: All Actions | |

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
(HEALTHSOUTH CORPORATION 2002 DERIVATIVE LITIGATION)

| | |
|---|---|
| WADE TUCKER, derivatively for the Benefit of and on behalf of the Nominal Defendant HealthSouth Corporation, <br>       Plaintiff, <br> v. <br> RICHARD M. SCRUSHY, et al., <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. CV-02-5212 <br> ) <br> ) <br> ) |
| UBS SECURITIES LLC, <br>       Counterclaim Plaintiff, <br> v. <br> HEALTHSOUTH CORPORATION, <br>       Counterclaim Defendant. | ) <br> ) <br> ) <br> ) <br> ) |

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| *In the Matter of Arbitration between:* <br><br> WADE TUCKER, <br> Derivatively, for the benefit of and on behalf of HEALTHSOUTH CORPORATION, <br> a dual citizen of Alabama and Delaware, <br>       Claimant, <br> v. <br> ERNST & YOUNG LLP, a citizen of Delaware, <br>       Respondent. | ) <br> ) <br> ) <br> ) AAA Case No. 30 107 Y 567 06 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| ERNST & YOUNG LLP, Claimant, <br> v. <br> HEALTHSOUTH CORPORATION, <br> Respondent and Counterclaimant. | ) <br> ) <br> ) <br> ) <br> ) |

## CONFIDENTIALITY AGREEMENT

_____ (Name of person, firm or organization) agrees to be bound by the terms of the Confidentiality Agreement dated _____ in the above-referenced actions.


_____
(Signature of person, firm or organization)