UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UBS AG, STAMFORD BRANCH,          :
                                  :
                    Plaintiff,    :
                                  :  Civil Action No. 07 CV 8490 (LAP)
        - v -                     :  ECF Case
                                  :
HEALTHSOUTH CORP.,                :
                                  :
                    Defendant.    :
------------------------------x

## DECLARATION OF ROBERT J. GIUFFRA, JR.

Robert J. Giuffra Jr. declares as follows:

1. I am a partner of the law firm Sullivan & Cromwell LLP, counsel for UBS AG, Stamford Branch ("UBS AG"), in this action. I am a member of the bar of the State of New York.

2. I am also counsel to UBS Securities LLC ("UBS Securities"), formerly known as UBS Warburg LLC ("UBS Warburg"), in *Tucker v. Scrushy, et. al.*, No. CV-02-5212, a derivative action brought on behalf of HealthSouth Corporation ("HealthSouth") pending in the Circuit Court of Jefferson County, Alabama ("the *Tucker* action").

3. Derivative plaintiff Wade Tucker ("Tucker") has not sought to serve or to name, much less to establish the Alabama court's personal jurisdiction over, UBS AG as a defendant in the *Tucker* action.

**Pleadings in the *Tucker* Action.**

4. On August 18, 2003, Tucker served the Third Amended Complaint in the *Tucker* action on UBS Warburg, although UBS Warburg was not then named as a defendant (nor was its successor UBS Securities).

5. The Third Amended Complaint in *Tucker* named "UBS Group" and "UBS Investment Bank" as defendants in that action. A true and correct copy of that Third Amended Complaint was attached as Exhibit V to the Declaration of David J. Kalal, dated December 17, 2007, and filed in support of UBS AG's motion for summary judgment ("Kalal Declaration.").

6. On October 17, 2003, I submitted an affidavit to the *Tucker* court in Alabama. In my affidavit, I stated that "[t]o the best of my knowledge and belief, neither UBS Group nor UBS Investment Banking is a legal entity incorporated in any U.S. state or foreign country. Rather, UBS Group is a term used to reference numerous UBS entities, including UBS Securities, its affiliates and parent corporation." I further stated that "UBS Investment Bank is a term that is used to reference the investment banking division of UBS Securities." A true and correct copy of my affidavit in the *Tucker* action is attached hereto as Exhibit A.

7. On March 29, 2004, Tucker submitted a Supplemental Complaint and Fourth Amended Verified Complaint ("Fourth Amended Complaint"), which incorporated the Third Amended Complaint but added new allegations. In Paragraph 234 of the Fourth Amended Complaint, Tucker alleged that:

> Defendants UBS Group and UBS Investment Bank have advised the Court and the parties herein that the correct name of their affiliated party defendant is UBS Securities LLC. Accordingly, UBS Securities LLC has been named as a defendant herein, and the phrase "UBS Parties" as used in . . . the Third Amended Verified Complaint includes and shall be deemed to include UBS Securities LLC.

A true and correct copy of the Fourth Amended Complaint was attached as Exhibit W to the Kalal Declaration.

8. On August 3, 2005, UBS Securities answered the Third and Fourth Amended Complaints. In Paragraph 234 of its Answer, UBS denied the allegations of Paragraph 234 of the Fourth Amended Complaint, except admitted that "UBS advised the Court that 'UBS Group' and 'UBS Investment Bank' are non-existent legal entities and Plaintiff purports to name UBS as a defendant in this action." A copy of UBS Securities' Answer in the *Tucker* action was attached as Exhibit 26 of the Declaration of David G. Hymer, dated January 17, 2008 and submitted in opposition to UBS's motion ("Hymer Declaration").

9. Paragraph 134 of the Third Amended Complaint, incorporated into the Fourth Amended Complaint, alleged, in relevant part:

> In addition, the individual directors are independence-impaired, and demand would have been futile, for the following specific reasons:
>
> \* \* \*
>
> (e) [Former HealthSouth director Charles] Newhall is and at all relevant times was independence-impaired because his sale of stock in December 2001 at an artificially-inflated price has been challenged legally herein. . . . Further Newhall's [MedCenterDirect.com], on which he serves as director, is central to the allegations herein and provides the most vivid example of the Director Defendants' incentive to ignore and/or fail to discover the accounting misdeeds pled herein. In addition, on information and belief, Newhall and his firm have done many transactions with the UBS Parties. As only one example, *UBS funded and raised investment capital for [MedCenter]*, on which Newhall serves as a director and in which all the Director Defendants are shareholders, having been granted founders' stock by [HealthSouth founder and Chief Executive Officer Richard] Scrushy.

(Kalal Declaration Ex. V, ¶ 134(e) (emphasis added).)

10. In one paragraph in its 73-page Answer to the Fourth Amended Complaint, UBS Securities admitted, in part, that "UBS provided a loan to [MedCenter]." (Hymer Declaration, Ex. 26, at ¶ 134.) UBS Securities had defined the term "UBS" on the first page of its Answer as "UBS Securities LLC." (*Id.* at p. 1.) In Paragraph 134, UBS Securities also expressly referred Tucker to "the referenced public filings, court filings and other cited documents and proceedings for a full and complete statement of their contents." (*Id.* at ¶ 134.) These filings and other documents evidence that UBS AG, Stamford Branch, was the lender for the loan to MedCenterDirect.com ("MedCenter"), for which HealthSouth provided an "absolute and unconditional" guarantee, and that is the subject of the instant litigation before this Court.

11. As UBS Securities has advised the Alabama court, the use of the defined term "UBS" rather than "UBS AG, Stamford Branch" in paragraph 134(e) of UBS Securities' Answer was a drafting error in UBS Securities' 73-page Answer.

**UBS AG Consistently Has Asserted That UBS AG
Was the Lender for the MedCenter Loan.**

12. With the exception of this single drafting error in the *Tucker* Answer — which UBS Securities now seeks to correct in Alabama over Tucker's objection — UBS Securities and UBS AG consistently have taken the position that UBS AG was the lender to MedCenter in federal and state litigation pending in Alabama.

13. For example, in a putative securities class action in the Northern District of Alabama, HealthSouth's former stockholders and bondholders sued UBS AG, UBS Securities, and HealthSouth. Paragraphs 122 and 354(a) of that complaint correctly identified UBS AG as the lender to MedCenter. A true and correct copy of excerpts from the federal plaintiffs' Joint Third Amended Consolidated Complaint is attached hereto as Exhibit B.

According to the Certificate of Service for the federal plaintiffs' complaint, that document was served upon counsel for HealthSouth.  (*See id.*)

14.  On June 11, 2007, UBS AG filed an answer to the federal securities plaintiffs' complaint.  At Paragraph 326 of that answer, UBS AG admitted that "UBS AG provided financing to MedCenterDirect.com."  A true and correct copy of excerpts from UBS AG's Answer to the federal securities plaintiffs' Joint Third Amended Consolidated Complaint is attached hereto as Exhibit C.  A copy of UBS AG's Answer to the federal securities plaintiffs' complaint was served on HealthSouth's counsel by counsel for UBS AG and UBS Securities.

15.  On May 21, 2007, in interrogatory responses in the federal securities action, UBS AG admitted that UBS AG provided a loan to MedCenter.  A true and correct copy of excerpts from those UBS AG interrogatory responses is attached hereto as Exhibit D.

16.  Four credit agreements executed by HealthSouth, attached as exhibits to HealthSouth Form 8-K filings in 2005 and 2006, described a guarantee by HealthSouth "in favor of UBS AG, Stamford Branch with respect to UBS AG, Stamford Branch's . . . loan to medcenterdirect.com, Inc."  True and correct copies of excerpts from these credit agreements are attached hereto as Exhibits E, F, G, and H.

17.  In this litigation, UBS AG has asserted — consistent with the loan documentation — that UBS AG was the lender to MedCenter in connection with the loan in dispute.

**HealthSouth Seeks To Litigate UBS AG's Claim in Alabama,
Without Establishing Jurisdiction Over UBS AG in Alabama.**

18.  Counsel for UBS AG and UBS Securities did not become aware of the drafting error in Paragraph 134(e) of UBS Securities' Answer in the *Tucker* action until

counsel for UBS AG and UBS Securities received HealthSouth's papers removing the instant litigation to federal court.

19. UBS Securities then submitted an Amended Answer in the *Tucker* action, seeking to correct Paragraph 134(e) of the *Tucker* Answer. A true and correct copy of that Amended Answer was attached to the Hymer Declaration as Exhibit 31.

20. Tucker moved to strike UBS Securities' Amended Answer. Following briefing by both parties, Tucker submitted, on behalf of HealthSouth, a Proposed Order which, if adopted by the Alabama court, would, among other things, (a) bar UBS Securities from amending its Answer, (b) "judicially estop" UBS Securities from denying that UBS Securities loaned money to MedCenter, and (c) obligate UBS Securities to assert a "compulsory counterclaim" to recover the proceeds of this loan from HealthSouth, or risk a default judgment from the Alabama court. A true and correct copy of that Proposed Order is attached hereto as Exhibit I.

21. As of the date of this Declaration, the Alabama court has not ruled on Tucker's motion to strike.

**HealthSouth's Request for Discovery Is Unsupported by the Record in Alabama.**

22. As the Hymer Declaration acknowledges, the litigants in the *Tucker* and federal securities litigations, including HealthSouth, UBS AG, and UBS Securities, have produced tens of millions of pages of documents to an electronic document depository, to which both HealthSouth and counsel for UBS AG and UBS Securities have access.

23. HealthSouth's counsel states that HealthSouth relied on only publicly available documents to oppose this motion, because documents in the electronic depository are subject to a confidentiality order. (*See* Hymer Declaration ¶ 32; Hymer Declaration Ex. 38.)

-6-

24. That confidentiality order did not prevent HealthSouth from using or disclosing its own documents in this litigation. (*See* Hymer Declaration Ex. 38, ¶ 16.)

25. To oppose this motion, HealthSouth's counsel never asked counsel for UBS AG or UBS Securities (or any court in Alabama) for permission to use documents produced by UBS AG or UBS Securities to the electronic depository.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of February, 2008.

                                                        Robert J. Giuffra, Jr.