IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
HEALTHSOUTH CORPORATION 2002 DERIVATIVE LITIGATION

| | |
|---|---|
| WADE TUCKER, ET AL.<br>   Plaintiff<br>v.<br>RICHARD M. SCRUSHY, ET AL.<br>   Defendants | CV 02-5212 |
| GREENWICH INSURANCE CO.<br>   Plaintiff<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>   Defendants | CV 03-3522 |
| STEVEN R. NICHOLS, ET AL.<br>   Plaintiffs<br>v.<br>HEALTHSOUTH CORPORATION ET AL.,<br>   Defendants | CV 03-2023 |
| FEDERAL INSURANCE COMPANY, ET AL.<br>   Plaintiffs<br>v.<br>HEALTHSOUTH CORPORATION, ET AL.,<br>   Defendants | CV 03-2420 |
| DENNIS FAMILY TRUST<br>   Plaintiff<br>v.<br>HEALTHSOUTH CORPORATION, ET AL.,<br>   Defendants | CV 98-6592 |

[Filed In Open Court stamp: This 19 day of Feb 2008, Allwin E. Horn III, Circuit Judge, By ___ Deputy Clerk]

## ORDER

This matter is before the Court on Derivative Plaintiff Tucker's Motion To Strike UBS Securities, LLC's ("UBS") Amended Answer to Tucker's Third and Fourth Amended Complaints. In addition to oral argument on January 22, 2008 this Court has considered all pleadings referenced above together with the briefs and evidentiary submissions of the parties in support of their respective positions. In order to fully understand the precise issue

1

presented, it is necessary to recap the relevant history of this litigation which brings us to this point.

As relevant hereto, that history is as follows:

1. This derivative action was initially filed on August 28, 2002 and subsequently amended on November 15, 2002. No UBS entity was named in either the August 28 nor November 15 complaints;

2. In the same time frame, derivative, securities and bondholders class action litigation was filed in Federal District Court for the Northern District of Alabama and consolidated before the Honorable Karen O. Bowdre. Additionally, other derivative actions were filed in Chancery Court in Delaware and handled by Chancellor Leo Strine. In 2003 this Court along with Judge Bowdre and Chancellor Strine entered into coordination agreements whereby Judge Bowdre would handle the securities and bondholders class actions, Chancellor Strine would handle the "BuyBack" case and this Court would handle the Derivative claims. The coordination between these Courts has worked amazingly well and has been cited with approval in _Ernst & Young, LLP v. Tucker, 940 So 2d 269 (Ala. 2006)_ and _Teachers' Retirement System of Louisiana v. Scrushy, 2004 WL 423122 (Del. Ch. 2004)_;

3. Discovery in these cases has been extensively delayed due to criminal prosecution against Richard Scrushy and other HealthSouth officers and employees but at this stage, extensive discovery is ongoing in the Federal Litigation before Judge Bowdre and in this litigation pursuant to coordinated discovery orders. Additionally, the Buy Back case before Chancellor Strine and a summary judgment proceeding in this Court has resulted in judgments against Scrushy which have been paid and satisfied;

4. In March, 2003 the extent of the financial fraud at HealthSouth was disclosed to the public and the Securities and Exchange Commission subsequently filed extensive litigation against HealthSouth which has subsequently been settled;

2

5.  Following the March 2003 public disclosure, Tucker filed his Third Amended Complaint on August 8, 2003. In this Complaint and as relevant hereto, Tucker, for the first time, made claims against certain UBS entities. These claims included aiding and abetting with various HealthSouth personnel resulting in breach of fiduciary duties, conspiracy, fraud, suppression and direct breach of fiduciary duty. One such entity identified in the Third Amended Complaint as constituting a breach of fiduciary duty was MedCenterDirect.com (MCDC), an entity which was alleged to have been funded by UBS.[1] On March 25, 2004, Tucker filed his Fourth Amended Complaint;

6.  In the Third Amended Complaint, Tucker specifically named "UBS Group" (GROUP) and "UBS Investment Bank" (BANK) as Defendants and further identified these two UBS entities as the "UBS Parties". On October 17, 2003 "UBS Securities, LLC" (hereinafter UBS) moved to dismiss Tucker's Third Amended Complaint. In this motion UBS stated that the true and correct name of the entities named "GROUP" and "BANK" was "UBS Securities, LLC" formerly known as UBS Warburg. UBS council also submitted an Affidavit stating that "GROUP" was a term used to reference multiple UBS entities including UBS Securities, its affiliates and parent corporation. Thereafter, Tucker filed his Fourth Amended Complaint on March 25, 2004 specifically adding "UBS Securities, LLC" as a Party-Defendant;

7.  On May 27, 2004 UBS filed a second Motion To Dismiss the Third and Fourth Amended Complaints. In this Motion To Dismiss UBS asserted "GROUP" and "BANK" were non-entities and were due to be dismissed. UBS also asserted an outbound choice-of-forum clause in various contracts between HealthSouth and UBS and sought transfer to New York of the claims asserted against UBS pursuant to this choice-of-forum clause. This Court

---

[1] It is the identity of this UBS entity which is the subject of Tucker's Motion To Strike, which will be discussed further in this Order.

3

denied UBS' Motion To Dismiss by Order of March 3, 2005. UBS then moved to modify the March 3, 2005 Order and this Court entered a modified Order on July 13, 2005. In the July 13, 2005 Order, this Court again denied the motion to enforce the outbound choice-of-forum clause but did dismiss "GROUP" and "BANK" based upon the filings and representation of UBS and its council. This July 13, 2005 Order also left open to Tucker the right to re-add "GROUP" and "BANK" as Defendants depending upon future discovery;

8. In its August 3, 2005 Answer and Counter-Claim to Tucker's Third and Fourth Amended Complaints, UBS admitted that UBS funded and raised investment capital for MCDC and that UBS provided a loan to MCDC;[2]

9. On November 16, 2007, UBS filed an Amended Answer and, as relevant hereto, denied that UBS made the loan to MCDC and asserted instead the loan was made by another UBS entity identified as "UBS AG Stamford Branch" (hereafter AG). Prior to this Amended Answer of November 16, 2007 AG filed suit against HealthSouth in New York seeking to recover the 20 Million loan. HealthSouth removed that case to Federal Court in New York on October 1, 2007 and that case is pending at this time.

UBS, in essence, contends it is now entitled to amend it's answer and, in effect, withdraw its prior admission that it, UBS, made the loan to MCDC for two reason. In the first place, UBS says it made an honest error or mistake when it admitted making the loan to MCDC. Secondly, UBS asserts in the Federal litigation before Judge Bowdre, the securities/bondholder Plaintiffs knew to sue AG with reference to the MCDC loan and therefore, Tucker was remiss in not naming AG as a Party-Defendant with regard to the

---

[2] According to documents filed by the parties, this loan to MCDC was originally 15 Million dollars, subsequently increased to 20 Million dollars, and was guaranteed by HealthSouth.

4

MCDC loan. In support of its arguments, UBS has filed voluminous documents and exhibits seeking to establish the loan was made to MCDC by AG, not UBS.[3]

On the other hand, Tucker contends that with all of the events, submissions, motions and rulings made in this case, UBS is now estopped from withdrawing its previous admission that it, UBS, made the loan to MCDC. Tucker also argues that he relied to his detriment on the UBS admission, that UBS, not Tucker or HealthSouth, should know the identity of the entity making the loan to MCDC and that if UBS had disclosed this key fact, AG would now be a Party to this litigation.

In reaching its conclusion herein, this Court accepts that UBS contends it made an honest error or mistake when it first admitted it, UBS, made the loan to MCDC. However, as stated in footnote 3 herein, from the four corners of the credit agreement and the sub exhibits and addenda thereto, this Court concludes AG is the Administrative Agent, not the "Lender". This Court further concludes that principles of estoppel apply to prevent UBS from now changing its legal position to the detriment and prejudice of Tucker and HealthSouth. See

---

[3] As pertinent hereto, Exhibit B in UBS' notebook of documents in support of its position purports to be the Credit Agreement concerning the original 15 Million dollar loan to MCDC. This document is well in excess of 100 pages, contains a 3 ½ page index and has various sub exhibits and addenda thereto. The front page of this document, dated March 30, 2001 and titled "Execution Copy" states as follows;

        CREDIT AGREEMENT
        By and among,
        MEDCENTERDIRECT.COM, INC.,
        As Borrower,
        HEALTHSOUTH CORPORATION,
        As Guarantor,
        UBS AG, STAMFORD BRANCH
        As Administrative Agent,
        And
    THE LENDERS PARTY HERETO FROM TIME TO TIME

The signature page is signed by Daniel W. Ladd, III, Executive Director, on behalf of "UBS AG, STAMFORD BRANCH, as Administrative agent.

The preamble paragraph on Page 1 of the body of the "Credit Agreement" states: "THIS CREDIT AGREEMENT dated as of March 30, 2001 (this "AGREEMENT") is entered into by and among MEDCENTERDIRECT.COM, INC., a Delaware Corporation (the "BORROWER"), HEALTHSOUTH CORPORATION, a Delaware Corporation ("the "GUARANTOR") the Lender signatories hereto (the "LENDERS") and UBS AG, STAMFORD BRANCH, as administrative agent (in such capacity, the "Administrative Agent.").

This Court has examined Exhibit B above, including the definitions section and is unable to find an entity identified specifically as the "Lenders".

*Smith v. State Farm Auto Ins. Co., 952 So 2d 342 (Ala. 2006)*; *Ex Parte First Alabama Bank 883 So 2d 1236 (Ala. 2003).* Too much water has passed under the bridge to now allow counterclaims that are uniquely intertwined with the matters involved in this derivative action to be litigated in other Courts. To ensure that UBS is not prejudiced by enforcing this estoppel, UBS is given leave to assert breach of the Credit Agreement as a counterclaim in this litigation and neither Tucker nor HealthSouth will be permitted to assert, as a defense, that AG, rather than UBS, is the real lender.

For the reasons stated above, it is **ORDERED**:

1. Tucker's Motion To Strike UBS' Amended Answer to the extent UBS asserts AG was the lender in the MCDC loan is **GRANTED**;

2. UBS is granted leave to amend its counterclaim within 30 days from this date to assert breach of the MCDC loan agreement;

3. If UBS does amend and specifically assert the MCDC loan counterclaim, Tucker and HealthSouth shall not be allowed to assert the defense that AG, not UBS, made the loan; and

4. If UBS fails to amend its counterclaim as stated above, Tucker and HealthSouth are given leave to move for Judgment as to the MCDC loan.

**DONE** and **ORDERED** this 19th day of February, 2008.

ALLWIN E. HORN, III
**Circuit Judge**

6

AEH/km

**Distribution:** Copies of this Order are being provided to all Steering Committee Counsel with directions that said counsel further distribute this Order to all Parties in their respective Groups.

cc: Honorable Karen O. Bowdre
    U. S. Federal Judge
    Hugo Black U. S. Courthouse
    1729 5th Avenue North
    Birmingham, AL 35203