LEXSEE 2008 N.Y. APP. DIV. LEXIS 2510

[*1]  **North Fork Bank, respondent, v ABC Merchant Services, Inc., defendant, Ronald Christopher, appellant. (Index No. 25002/06)**

**2007-02534**

**SUPREME COURT OF NEW YORK, APPELLATE DIVISION, SECOND DEPARTMENT**

*2008 NY Slip Op 2563*; *2008 N.Y. App. Div. LEXIS 2510*

**March 18, 2008, Decided**

**NOTICE:**

THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.    THIS OPINION IS UNCORRECTED AND SUBJECT TO REVISION BEFORE PUBLICATION IN THE OFFICIAL REPORTS.

**COUNSEL:** [**1] Ronald Christopher, Jersey City, N.J., appellant, Pro se.

Porzio, Bromberg & Newman P.C., New York, N.Y. (Allan I. Young of counsel), for respondent.

**JUDGES:** STEVEN W. FISHER, J.P., HOWARD MILLER, WILLIAM E. McCARTHY, CHERYL E. CHAMBERS, JJ. FISHER, J.P., MILLER, McCARTHY and CHAMBERS, JJ., concur.

**OPINION**

DECISION & ORDER

In an action to recover on a promissory note and guaranty brought by motion for summary judgment in lieu of complaint pursuant to *CPLR 3213*, the defendant Ronald Christopher appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated December 8, 2006, as granted that branch of the motion which was to recover on the guaranty against him.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The plaintiff demonstrated its entitlement to judgment as a matter of law by establishing that the defendant Ronald Christopher unconditionally guaranteed the payment of the obligations of the defendant ABC Merchant Services, Inc. (hereinafter ABC), arising out of a promissory note which Christopher signed in his capacity as president of ABC, that ABC defaulted on its obligations under the terms of the promissory note, and that [**2] Christopher defaulted on his obligations under the terms of the guaranty (*see Suffolk County Natl. Bank v Columbia Telecom. Group, Inc., 38 AD3d 644, 645, 832 N.Y.S.2d 80*; *Silver v Silver, 17 AD3d 281, 792 N.Y.S.2d 900*; *Sterling Vision v Joel, 279 AD2d 568, 719 N.Y.S.2d 685*; *North Fork Bank v Rosen, 225 AD2d 598, 639 N.Y.S.2d 454*; *Bennell Hanover Assoc. v Neilson, 215 AD2d 710, 711, 627 N.Y.S.2d 439*; *National Westminster Bank, U.S.A. v Barrier Tech. Corp., 131 AD2d 552, 516 N.Y.S.2d 275*; *Ihmels v Kahn, 126 AD2d 701, 511 N.Y.S.2d 306*). In opposition, Christopher's conclusory and unsubstantiated assertions that were inconsistent with the unrefuted documentary evidence failed to raise a triable issue of fact regarding his contentions that the Supreme Court improperly exercised personal jurisdiction over him as a nondomiciliary and that he [*2] was fraudulently induced by the plaintiff's representative to sign the personal guaranty (*see State Bank of India v Taj Lanka Hotels, 259 AD2d 291, 686 N.Y.S.2d 44*; *O'Brien v O'Brien, 258 AD2d 446, 685 N.Y.S.2d 254*; *North Fork Bank v Rosen, 225 AD2d 598, 639 N.Y.S.2d 454*; *Drake Am. Corp. v Speakman Co., 144 AD2d 529, 534 N.Y.S.2d 679*). Moreover, since the guaranty, by its terms, was absolute and unconditional regardless of the validity or enforceabilty of any other obligation, and such recitals were inconsistent with

2008 NY Slip Op 2563, *2; 2008 N.Y. App. Div. LEXIS 2510, **2

Christopher's claim of fraud  [**3] and reliance upon oral representations, fraud in the inducement is not a viable defense to enforcement of the guaranty (*see Citibank v Plapinger, 66 NY2d 90, 93, 485 N.E.2d 974, 495 N.Y.S.2d 309*; *Korea Exch. Bank v A.A. Trading Co., 8 AD3d 344, 345, 777 N.Y.S.2d 736*; *Sacco v Sutera, 266 AD2d 446, 447, 698 N.Y.S.2d 532*).

Christopher's remaining contentions regarding improper service of process and vagueness and ambiguity in a portion of the guaranty are raised for the first time on appeal and are therefore not properly before this Court (*see Lawler v City of Yonkers, 45 AD3d 813, 813-814, 847 N.Y.S.2d 121*; *Merchants Bank of N.Y. v Stahl, 269 AD2d 236, 702 N.Y.S.2d 813*).

FISHER, J.P., MILLER, McCARTHY and CHAMBERS, JJ., concur.