# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 29, 2008

Via E-Filing

Hon. Loretta A. Preska,
   Daniel Patrick Moynihan United States Courthouse,
      500 Pearl Street, Room 1320,
         New York, NY 10007.

         Re:   *UBS AG, Stamford Branch* v. *HealthSouth Corp.*,
               No. 07-CV-08490

Dear Judge Preska:

        On behalf of Plaintiff UBS AG, Stamford Branch ("UBS AG") in the above-referenced action, I write in response to HealthSouth's letter transmitting an order of the Alabama Supreme Court denying a petition for writ of mandamus filed by UBS Securities LLC ("UBS Securities"), a non-party here.

        The Alabama Supreme Court's refusal to grant the "extraordinary remedy" of a writ of mandamus, *Ex parte Inverness Constr. Co.*, 775 So. 2d 153, 156 (Ala. 2000), is irrelevant to this action. Under the MedCenter Credit Agreement, UBS AG, as Administrative Agent, has the express (and undisputed) power to enforce that contract in New York. UBS AG is not a party to any Alabama action, and the Alabama court's order has no bearing on UBS AG's right to enforce the Credit Agreement in this Court.

        Under settled federal law, this Court should adjudicate UBS AG's fully briefed motion for summary judgment in this first-filed action to enforce the Credit Agreement. *See, e.g., Exxon Mobil Corp.* v. *Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction."); *Sheerbonnet, Ltd.* v. *Am. Express Bank*, 17 F.3d 46, 49 (2d Cir. 1994) (under *Colorado River*, district courts have a "virtually unflagging" obligation to exercise jurisdiction).

        At oral argument, the Court inquired about the *Rooker-Feldman* doctrine, which was not briefed by the parties. The Supreme Court has made clear that this "narrow doctrine [is] confined to 'cases brought by state-court losers complaining of

Hon. Loretta A. Preska                                                                                   -2-

injuries caused by *state-court judgments rendered before the district court proceedings commenced* and inviting district court review and rejection of those judgments.'" *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil*, 544 U.S. at 283) (emphasis added). Here, no Alabama court has entered *judgment* as to the MedCenter Credit Agreement for or against any UBS entity. Indeed, "neither *Rooker* nor *Feldman* supports the notion that properly invoked [federal court] concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court." *Exxon Mobil*, 544 U.S. at 292.

There is no reason either to stay this action pending resolution, or to dismiss this action in favor, of the Alabama litigation. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 27-28 (1983) (under *Colorado River*, same test applies to both forms of relief because "a stay is as much a refusal to exercise federal jurisdiction as a dismissal"). The Court should, for the reasons set forth in UBS AG's papers and at oral argument, grant UBS AG's summary judgment motion.

Respectfully,

Robert J. Giuffra, Jr.

cc:   Gregory P. Joseph, Esq.