USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UBS AG, STAMFORD BRANCH,

       Plaintiff,

 v.

HEALTHSOUTH CORPORATION,

       Defendant.
------------------------------------------------------------X

07 CV 8490 (LAP)

ORDER

LORETTA A. PRESKA, United States District Judge:

Construing HealthSouth's June 12, 2008 letter as a motion to stay the enforcement of the judgment in this action pending HealthSouth's appeal without HealthSouth's posting a supersedeas bond and UBS AG's June 12, 2008 letter as opposition to that motion, the motion is denied.

By its terms, Rule 62(d) provides for the posting of a bond to stay proceedings to enforce a judgment pending an appeal. Pursuant to that rule, "posting a supersedeas bond in the amount of the judgment, pending appeal" is the "customary practice." Liberty Mutual Ins. Co. v. Bankers Trust Co., 769 F. Supp. 130, 131 (S.D.N.Y. 1991). Accordingly, the "burden is on the moving party to 'objectively demonstrate' the reasons why the court should 'depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment . . . .'" Port Chester Elec. Constr. Corp. v. HBE Corp., No. 86 Civ. 4617 (KMV), 1991 WL 258737 at *2 (S.D.N.Y. Nov. 27, 1991); De la Fuente v. DCI Telecomm., Inc., 269 F. Supp. 2d 237, 245 (S.D.N.Y. 2003) ("The burden lies with the moving party to demonstrate why the

Court should waive the standard requirement that the appellant post a full supersedeas bond.").

Here, the parties agree that HealthSouth has a market capitalization of approximately $1.6 billion and had consolidated net operating revenues of $469 million for the first quarter of 2008 and projects earnings before income tax, depreciation and amortization (EBITDA) of $335 million for the year 2008. (HealthSouth Form 8-K of May 6, 2008, attaching earnings release of same date, at pp. 1, 3.)

Standard & Poor's assigns HealthSouth a B credit rating meaning that a HealthSouth obligation "is more vulnerable to nonpayment than obligations rate 'BB,'" which is an obligation that "faces major ongoing uncertainties or exposure to adverse business, financial, or economic conditions, which could lead to the obligor's inadequate capacity to meet its financial commitment on the obligation." According to Moody's, HealthSouth's long-term credit rating is B3, which Moody's states is the lowest of three ratings for obligations that are "speculative and are subject to high credit risk." HealthSouth acknowledges that the ratings are "speculative grade" but asserts that the $30 million judgment entered in this action is less than 10% of HealthSouth's available credit.

On balance, HealthSouth has not carried its burden of demonstrating why the bond requirement should be dispensed with. According to HealthSouth, it is a "highly solvent" corporation, easily able to pay this judgment. If true, such financial health would weigh against dispensing with the bond in that HealthSouth should have no trouble whatsoever in obtaining an appropriate bond. Also, the amount of the judgment is hardly a nominal amount, even to HealthSouth, and there is no argument that obtaining the bond

will in any way affect its financial circumstances.  Compare Texaco Inc. v. Pennzoil Co., 784 F.2d 1133, 1155-57 (2d Cir. 1986), rev'd on other grounds, 481 U.S. 1 (1987) (posting of partial security permitted where the judgment exceeded $11 billion and obtaining a bond would likely force the judgment creditor into bankruptcy or liquidation and have a severe economic impact on its shareholders and employees).  On the other hand, HealthSouth's "speculative grade" credit rating supports the intention of the bond requirement, that is, to preserve the status quo while protecting the prevailing party against any loss he or she may sustain.  Crane v. Buckley, 203 U.S. 441, 446 (1906).  Accordingly, the motion to dispense with the supersedeas bond is denied.

SO ORDERED:

Dated:  June 16, 2008

_____
LORETTA A. PRESKA, U.S.D.J.

Healthsouthorder616

3