# SULLIVAN & CROMWELL

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM



*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE

June 12, 2008

By Hand Delivery

Hon. Loretta A. Preska,
  Daniel Patrick Moynihan United States Courthouse,
    500 Pearl Street, Room 1320,
      New York, NY 10007.

           Re:   *UBS AG, Stamford Branch* v. *HealthSouth Corp.*,
                 07 Civ. 8490 (LAP)

Dear Judge Preska:

           On behalf of plaintiff UBS AG, Stamford Branch ("UBS AG") in the above-referenced action, I write in response to the letter from counsel for HealthSouth Corporation ("HealthSouth") asking for a pre-motion conference on its proposed motion that the Court excuse HealthSouth from posting a bond as required by Federal Rule of Civil Procedure 62(d) pending HealthSouth's appeal of this Court's decision dated June 6, 2008. For the reasons set forth below, UBS AG opposes any motion to relieve HealthSouth from the obligation to post a supersedeas bond.

           By its terms, Rule 62(d) provides for the posting of a bond to stay proceedings to enforce a judgment pending an appeal. Pursuant to that rule, "posting a supersedeas bond in the amount of the judgment, pending appeal" is the "customary practice." *Liberty Mut. Ins. Co.* v. *Bankers Trust Co.*, 769 F. Supp. 130, 131 (S.D.N.Y. 1991). Accordingly, the "burden is on the moving party to 'objectively demonstrate' the reasons why the court should 'depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment . . . .'" *Port Chester Elec. Constr. Corp.* v. *HBE Corp.*, No. 86 Civ. 4617 (KMV), 1991 WL 258737 at * 2 (S.D.N.Y. Nov. 27, 1991); *De la Fuente* v. *DCI Telecomm., Inc.*, 269 F. Supp. 2d 237, 245 (S.D.N.Y. 2003) ("The burden lies with the moving party to demonstrate why the Court should waive the standard requirement that the appellant post a full supersedeas bond.").

           The expense of posting a bond is insufficient to justify waiver, *Liberty Mut. Ins. Co.*, 769 F. Supp. at 132 ("the cost of posting the supersedeas bond is simply a cost of doing business"), except in unusual circumstances. Thus, for example, in *Texaco Inc.* v. *Pennzoil Co.*, 784 F.2d 1133, 1155-57 (2d Cir. 1986), *rev'd on other grounds*, 481

Hon. Loretta A. Preska                                                                                      -2-

U.S. 1 (1987), the Second Circuit upheld a district court decision allowing the posting of partial security where the judgment exceeded $11 billion and where a bond would likely force the judgment debtor into bankruptcy or liquidation and have a severe economic impact on hundreds of thousands of its shareholders and employees.

        Here, there is no reason to depart from the customary bond requirement of Rule 62(d). HealthSouth's assertion that its "ability to pay a $30 million judgment . . . is beyond question" is mistaken. According to Moody's, HealthSouth's long-term credit rating is B3, which Moody's states is the lowest of three ratings for obligations that are "speculative and are subject to high credit risk." Standard & Poor's rates HealthSouth with a B credit rating, meaning that a HealthSouth obligation "is more vulnerable to nonpayment than obligations rated 'BB,'" which is an obligation that "faces major ongoing uncertainties or exposure to adverse business, financial, or economic conditions, which could lead to the obligor's inadequate capacity to meet its financial commitment on the obligation." In short, UBS would be far from secure to receive its $30 million judgment from HealthSouth absent a bond.[1]

        Finally, HealthSouth's claim that UBS Securities LLC ("UBS Securities") is now seeking to enforce the same guarantee in Alabama state court is simply a rehash of its arguments seeking a stay or dismissal that this Court rejected in its June 6 Opinion. As explained at oral argument, UBS Securities asserted a counterclaim on HealthSouth's guarantee only because UBS Securities was ordered to do so or face a default judgment. Unless reversed on appeal, this Court's June 6 Opinion renders moot any claim over the MedCenter guarantee pending in the Alabama court.

        For the reasons set forth above, there is no reason to depart from the customary bond requirement of Rule 62(d).

                                          Respectfully,

                                          Robert J. Giuffra, Jr.

cc:    Gregory P. Joseph

---

[1] Beyond the more than $30 million judgment in this action, HealthSouth has considerable additional potential obligations to UBS AG and its affiliates. Under various lending agreements and engagement letters, HealthSouth has an obligation to indemnify UBS AG and its affiliates for certain expenses incurred as a result of litigation and regulatory matters arising out of the accounting fraud at HealthSouth. UBS AG currently estimates that this contractual indemnity obligation is more than $90 million, an amount that is increasing each month as litigation matters continue.