

GREGORY P. JOSEPH LAW OFFICES LLC

485 LEXINGTON AVENUE
NEW YORK, NEW YORK 10017
(212) 407-1200
WWW.JOSEPHNYC.COM

GREGORY P. JOSEPH
DIRECT DIAL: (212) 407-1210
DIRECT FAX: (212) 407-1280
EMAIL: gjoseph@josephnyc.com

FACSIMILE
(212) 407-1299

June 12, 2008

**By Hand**

Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/08

Re:   *UBS AG, Stamford Branch v. HealthSouth Corp.*, 07 Civ. 8490 (LAP)

Dear Judge Preska:

    This letter is written to request a pre-motion conference pursuant to Rule 2.A. of Your Honor's Individual Practices. Defendant HealthSouth Corp. ("HealthSouth") seeks a conference to permit it to move for an order pursuant to FED. R. CIV. P. 62(d) (and FED. R. APP. P. 8(a)(1)) staying enforcement of the judgment pending HealthSouth's appeal without the necessity of HealthSouth posting a supersedeas bond.

    While judgment has not yet been entered on the Court's Opinion of June 6, 2008, Plaintiff UBS AG has submitted a form of judgment that contemplates entry on Friday, June 13, 2008. HealthSouth seeks a conference to permit it to file its Rule 62(d) motion now in light of the fact that the automatic stay of enforcement pursuant to FED. R. CIV. P. 62(a) is only "10 days" in duration (or 14 calendar days, under Rule 6(a)(2)). HealthSouth's motion will be contested. We have conferred with counsel for UBS, who has informed us that UBS intends to oppose HealthSouth's application.

    Rule 62(d) provides for an automatic stay of enforcement of a judgment pending appeal if the appellant posts a supersedeas bond or other security. *Marcoux v. Farm Serv. & Supplies, Inc.*, 290 F. Supp.2d 457, 485 (S.D.N.Y. 2003) ("stay of the judgment pending appeal is automatic upon the posting of a supersedeas bond"). The District Court may, in its discretion, waive the requirement that a supersedeas bond be posted. *See Port Chester Elec. Constr. Corp. v. HBE Corp.*, No. 86 Civ. 4617 (KMW), 1991 WL 258737, at *1 (S.D.N.Y. Nov. 27, 1991).

    The purpose of a bond is to preserve the status quo while protecting the prevailing party against any loss he or she may sustain. *Crane v. Buckley,* 203 U.S. 441, 446 (1906). The Second Circuit has held that a District Court "may order partially secured or unsecured

GREGORY P. JOSEPH LAW OFFICES LLC

Hon. Loretta A. Preska
June 12, 2008
Page 2

stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery." *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1155 (2d Cir. 1986). In cases where the appealing party demonstrates that it is highly solvent and can easily pay the judgment in the event of a loss on appeal, courts generally agree to waive the requirement for a supersedeas bond. *Id.* at 1155-56; *Port Chester*, 1991 WL 258737 at *2 ("where the judgment debtor's ability to pay the judgment is so plain that the cost of the bond would be a waste of money," the requirement of a supersedeas bond may be dispensed with); *Frommert v. Conkright*, 472 F. Supp.2d 452, 468 (W.D.N.Y. 2007).

HealthSouth's ability to pay a $30 million judgment, if the judgment is affirmed on appeal, is beyond question. HealthSouth is highly solvent. Its stock is publicly traded on the New York Stock Exchange, and it has a market capitalization of approximately $1.6 billion. HealthSouth had consolidated net operating revenues of $469 million for the first quarter of 2008 and projects earnings before income tax, depreciation and amortization (EBITDA) of $335 million for the year 2008. (HealthSouth Form 8-K of May 6, 2008, attaching earnings release of same date, at pp. 1, 3.)

In addition, as the Court knows, UBS Securities LLC is now seeking to enforce the same guarantee in the trial that is scheduled to begin on January 26, 2009, before the Circuit Court of Jefferson County, Alabama, in the matter of *Tucker v. Scrushy*, Civil Action No. CV-02-5212. This is a factor that, we submit, should be taken into account in deciding whether HealthSouth should be compelled to post a bond in the full amount of the guarantee at the present time.

For these reasons, we respectfully request a pre-motion conference concerning HealthSouth's motion to dispense with the posting of a supersedeas bond on its appeal from the judgment to be entered on the Court's Opinion of June 6, 2008.

Respectfully submitted,

Gregory P. Joseph

cc: Robert J. Giuffra, Jr., Esq., Counsel for UBS AG

612024